# Heath *versus* Slocum.

1. Where a husband has his wife's money in his possession, and invests the same in real estate, taking the title to it in his own name, a resulting trust arises in favor of the wife.

2. While a party alleging fraud is entitled to a wide range of evidence to sustain such charges, since it is usually secret, and is pursued by intricate and crooked paths, the party charged with fraud is likewise entitled to reasonable liberality in offering evidence to rebut or disprove such charges, as it is a serious accusation affecting not only property but reputation as well.

3. In an action of ejectment by the sheriff's vendee of the interest of the husband in certain real estate against the wife, in which the husband and wife were charged with attempting to convey the said real estate to the wife in fraud of the plaintiff, it was held to be error not to permit the defendant, who alleged that said real estate had been purchased with her money, to put in evidence a deed of assignment by her husband to her, bearing date prior to the plaintiff's claim against her husband, indorsed on the back of the deed to the husband. It was also held to be error not to permit the defendant to show that, some years before the plaintiff had any claim against her husband, she and her husband consulted an attorney as to the manner of conveyance, and that, in pursuance of her advice, they afterwards united in a conveyance of said real estate to a trustee, who afterwards conveyed the same to the wife.

4. It is not error to reject an offer of evidence, a part of which only is admissible. There is sometimes peril in overloading an offer of evidence.

February 21st, 1887. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Lackawanna county :* Of July Term 1886, No. 89.

Ejectment by Joseph Slocum against Mary Heath and Wm. H. Heath, her husband. The proceedings were instituted before an alderman to obtain possession of real estate purchased at sheriff's sale pursuant to Act of Assembly approved June 16th, 1836, and supplement approved May 24th, 1878, removed to said court on affidavit and recognizance of claimant. Plea, not guilty.

The following were the facts of the case as they appeared on the trial before HAND, P. J.

On March 12th, 1878, Joseph Slocum, the plaintiff, entered a judgment against Wm. H. Heath on a judgment note in his favor for the sum of $6,000, dated April 7th, 1877. On this judgment he issued an execution, by virtue of which the sheriff levied and sold the land in dispute on the 9th of August, 1879. At that sale Joseph Slocum became the purchaser. He then instituted these proceedings to obtain possession of the land in dispute. In these proceedings Mary Heath filed an affidavit setting forth—

First.—That I have not come into possession of the aforesaid premises, and do not claim to hold the same under the said Wm. H. Heath, the defendant in this suit and the defendant in the execution by which said premises were sold as the property of the said Wm. H. Heath, but in my right.

Second.—That I have come into possession of said premises under a title derived by me from S. A. Gardner, and by her derived from the said Wm. H. Heath, before the date of the judgment of the said Joseph Slocum against the said Wm. H. Heath, under the execution issued on which the said premises were sold by the sheriff as the property of the said Wm. H. Heath, as set forth in the plaintiff's petition filed in this case. The proceedings were thereupon removed to the Court of Common Pleas.

On the 12th of September, 1864, Wm. H. Heath bought of Joseph Fellows the land in dispute for the sum of $1,200, for which Fellows executed and delivered to him a deed on that date. Mary Heath, the defendant, alleged, and so testified, that this purchase was made with her money, and that Wm. H. Heath acted as her agent in making the purchase; that she objected to the title being taken in the name of her husband, and that he thereupon agreed to convey the land to her; that

he drew and executed to her an assignment of the deed upon the back of the original deed, November 20th, 1869.

The defendant offered to prove by the witness on the stand (L. W. DeWitt, attorney at law) that in 1875 he met W. H. and Mary Heath in the city of Scranton; that they had with them the original deed from Joseph Fellows for the lot in suit; that upon it there was an assignment from W. H. Heath to Mary Heath; that they asked him whether that was sufficient in law to convey the estate; that he said the more regular and legal way was to convey the property to a third person as trustee, and let him convey it back to Mary Heath.

Counsel for plaintiff object to the offer as immaterial and irrelevant; and that any conversation between Dr. Heath and his wife and the witness on the stand, in the absence of Joseph Slocum, is not evidence.

THE COURT.—We sustain the objection and reject the evidence.

Exception noted for defendant, at whose request a bill is sealed. (First assignment of error.)

Original deed from Joseph Fellows to W. H. Heath for the land in dispute shown witness.

Counsel for the defendants propose to prove that the witness saw that in 1875, and the assignment to Mrs. Mary Heath was on the back of it at that time.

Counsel for plaintiff object to it.

THE COURT.—We will sustain the objection and reject the evidence.

Exception noted for defendants, at whose request a bill is sealed. (Fourth assignment of error.)

On October 11th, 1877, the defendants, by deed reciting the consideration of $5,000, conveyed the land in dispute to Miss S. A. Gardner. Miss Gardner gave her note to Wm. H. Heath for this amount. On November 25th, 1877, Miss Gardner assigned her deed to Mary Heath. Wm. H. Heath thereupon returned to her her note of $5,000.

The defendant offered to prove by the witness on the stand (Miss S. A. Gardner) that the purpose of the deed and assignment was to convey the legal estate in the land in question from Wm. H. Heath to Mary Heath, and that the transfer to S. A. Gardner and her assignment was for that purpose.

Counsel for the plaintiff object to the offer as irrelevant, and they cannot show the intention in any such way—the papers must speak for themselves.

Counsel for defendants.—That offer is to be preceded by the offer and admission of the deed.

THE COURT.—We will sustain the objection and reject the evidence.

[Heath *v.* Slocum.]

Exception noted for defendant, at whose request a bill is sealed. (Second assignment of error.)

The defendant offered to prove by the witness on the stand (A. D. Dean) that at the time Dr. Heath signed the note to Joseph Slocum of $6,240, April 7th, 1877, he, Wm. H. Heath, at that time, was the owner in his own right of real estate to the value of from twenty to thirty thousand dollars outside of the land in question in this case; and that at the time the said money was borrowed there were no encumbrances against said property; that the real estate purchased by Slocum on the sheriff's sale on Slocum's judgment was sold for a nominal consideration, and that Joseph Slocum, as the result of the sheriff's sale, has been in possession of property at least to the value of twenty thousand dollars, and is now the owner of the same. This offer is made for the purpose of rebutting any presumption of fraud in the conveyance of the title to the land in question from Dr. Heath to his wife, or in the perfecting of the title in Mrs. Heath, which Mrs. Heath claims was in her deed; and that at the time the deed was transferred through S. A. Gardner to Mrs. Heath, the property included in the offer was still owned by Dr. Heath.

Counsel for the plaintiff object to the offer as irrelevant.

THE COURT.—Objection sustained and evidence rejected.

Exception noted for defendant, at whose request a bill is sealed. (Third assignment of error.)

The defendant offered in evidence the assignment dated November 20th, 1869, from W. H. Heath to Mary Heath of the Fellows deed.

Counsel for the plaintiff object to the offer as irrelevant.

THE COURT.—Objection sustained and evidence rejected. (Fifth assignment of error.)

In the general charge the court instructed the jury, *inter alia*, as follows:

[It seems that Mrs. Heath received from her father's estate a considerable sum of money. This is not in dispute. The evidence on this point is clear. Now did she actually purchase this property with her money as her property? She says she did. She further says that the deed was made by mistake to her husband.

How does she trace her own money into this lot, and how does she show that her husband held this in trust for her? She says she loaned a thousand dollars to her husband when at Dalton. She says he paid a part of this back again to her, and that it went into this lot. She afterwards says she paid twelve hundred dollars for the lot, which was the consideration mentioned in the deed.

I do not recollect that she specifically traces the whole of

[Heath *v.* Slocum.]

this money into this lot (if the evidence shows it why the jury will correct me if I am mistaken upon that point) except by, perhaps, a general assertion.]    (Sixth assignment of error.)

[Now, you heard all her evidence.   Does she clearly satisfy you that she put her money into the lot?   Does she trace her money into the lot?   If she fails to do this, she does not make her title to it, and she must clearly trace the whole of the money into the lot.   She cannot mix her money with her husband's and then claim that the lot is hers.

How does she prove the trust?   She says in effect that when her husband brought the deed he was sorry he had it made to him, but if they sold it he could convey it; if not, he could arrange it.]    (Seventh assignment of error.)

Now, against this evidence is the fact that the deed was made to Dr. Heath; it was recorded in his name and remained on record down to 1877 in his name.   [Under these circumstances does Mary Heath give you the true version of this transaction from beginning to end, because the whole of it must come before you under all the evidence.   If she gave the money to her husband—that is, if she gave it to him as his—then she cannot recover.

She must have given him the whole amount of twelve hundred dollars for the purpose of buying this lot, and he must have bought it with that money for her.]    (Eighth assignment of error.)

The deed to S. A. Gardner was dated the 11th day of October, 1877, and the assignment from S. A. Gardner to Mary Heath was dated the 26th of November, 1877.   The date of the first deed was after the date of the loan of the money from Joseph Slocum to Dr. Heath.   The deed was recorded a little over two months before Joseph Slocum entered his judgment.

[Now, was that whole transaction an honest transaction?   It is alleged that this deed was made, alleged by the defendant that this deed was made simply to carry out the trust of Dr. Heath in favor of his wife.

The difficulty with this position is, that Dr. Heath and his wife did not put it upon that basis at the time that they made the deed.   The attempt was to give the deed the appearance of a purchase and sale for the sum of five thousand dollars, and Mary Heath set this up in her affidavit.]    (Ninth assignment of error.)

Sarah A. Gardner says no money was paid; it was a note given by her, and the note was passed back.

Now, gentlemen, under all these circumstances, we leave all these facts, with the other facts, to you to determine whether the claim set up by Mary Heath was an honest and *bona fide* one against this title of Joseph Slocum.   If it were, she is

entitled to recover; if it were not, then she is not entitled to recover.

[Your attention has been called to this deed and the alterations upon it. The alterations upon the deed raise some suspicions in regard to the deed, and they must be clearly proved before the deed is allowed to come in evidence.

Now all the facts sworn to in regard to this are facts in the case, and they are facts which we leave to you, under all the circumstances, to determine whether the claim set up here is an honest *bona fide* claim. (Tenth assignment of error.)

The defendants presented, *inter alia*, the following points:

5. There is no evidence of actual fraud on the part of Mary Heath in the purchase and conveyance of said land.

Answer of the court.—That, gentleman, is a question of fact for you under all the evidence. (Eleventh assignment of error.)

Verdict for the plaintiff for the lands described with damages for detention in the sum of $1,596.66 and thereupon judgment, whereupon the defendants took this writ and filed the assignments of error above shown.

*S. B. Price* (*H. M. Edwards* with him), for plaintiff in error.—It is competent for a party to show his acts in carrying out an agreement: Devling *v.* Little, 26 Pa. St., 506; York County Bk. *v.* Carter, 38 Pa. St., 446; Gilchrist *v.* Ball, 8 Watts, 356; Stekel *v.* Desk, 12 W. N. C., 133.

As we understand the charge of the court it asserts as a rule of law that a married woman in such a case as this must not only prove clearly that she had a separate estate, that she paid for the land or other property purchased by her during coverture, but she must specifically trace her money from its source through the various change of form it may have undergone, into the property purchased.

After the lapse of over twenty years, in nine cases out of ten, this requirement could not be complied with. The enforcement of this rule by requiring Mrs. Heath to explain what she did with the $1,200 paid for the Fellows lot from the time it was received from her father's estate until it was used in that purchase, was in effect instructing the jury to find for the plaintiff.

There is no evidence in the case that Mrs. Heath ever claimed that she purchased the lot of Miss Gardner except that such a consideration was expressed in the deed and assignment. Deeds are frequently given which, as in this case, express a different consideration from that which actually passes between the parties. That is not a badge of fraud,

especially where the actual consideration can be proved a good one.

It is competent to show that the consideration of a deed, which is expressed as pecuniary, was one of kindred or marriage : 2 Washburn on Real Property, 406 ; Gale v. Colburn, 18 Pickering, 297.

That the consideration expressed in a deed is different from the actual one is of little importance : McElfatuck v. Hicks, 21 Pa. St., 407 ; Stewart's Appeal, 98 Pa. St., 384.

The affidavit of Mrs. Heath alleges that she derived her title from Sarah A. Gardner, who received the same from W. H. Heath before the Slocum judgment was entered.

If the court had allowed proof of the acts and declarations of Mr. and Mrs. Heath prior to the entry of the Slocum judgment, before the loan to Heath was made, and when an intention to defraud him was impossible, the motive of the transaction would have been fully explained.

*Everett Warren* (*Edward N. Willard* with him), for defendant in error.—The defendant could offer no evidence of a title, legal or equitable, except that set up in her affidavit filed before the justice : Kimball v. Kelsey, 1 Pa. St., 183 ; Walker v. Bush, 30 Id., 352.

If a wife permits her husband to take title to her lands, and to hold himself out to the world as the owner of them, and to contract debts upon the credit of such ownership, she cannot afterwards, by taking title to herself, withdraw them from the reach of his creditors, and thus defeat their claims : Wait on Fraudulent Conveyances, § 305, and cases cited.

"Whether a trust is deducible in any given case from the nature of the transaction as a matter of actual intent is susceptible of oral proof, but he who alleges the trust takes the burden of establishing it, and all the essential requisites of that trust must be shown by clear, explicit and unequivocal proof : " Earnest's Appeal, 15 W. N. C., 19 ; McGinity v. McGinity, 13 P. F. S., 38 ; Nixon's Appeal, Id., 279 ; Legenfelter v. Richey, 12 Id., 123 ; Kistler's Appeal, 23 Id., 93 ; Fricke v. Magee, 10 W. N. C., 50 ; Myers v. Leas, 101 Pa. St., 172 ; Buchanan v. Streeper, 12 W. N. C., 434 ; Gault v. Saffin & Wife, 8 Wr., 307.

Mary Heath was bound to show that Joseph Slocum had notice of this alleged trust prior to his purchase at sheriff's sale.

As long ago as 1824, Judge GIBSON said : " The purchaser of a legal title takes it discharged of every trust or equity which does not appear on the face of the conveyance, and of

which he has not had notice, either actual or constructive: "
Chew *v.* Burnett, 11 S. & R., 392.

See also Fillman *et al. v.* Divers, 31 Pa. St., 429; Sweetser
*v.* Atterbury, 100 Pa. St., 18.

The alleged declarations of Wm. H. Heath were not part
of the *res gestæ.*

First. Declarations to become part of the *res gestæ* must be
declarations which may truly be said to be part of "the things
done."

Second. They must be contemporaneous to the facts to
which they relate: Enos *v.* Suttle, 3 Conn., 250; Ins. Co. *v.*
Mosely, 8 Wall, 397; Greenleaf on Ev., page 130, note.

Third. They must limit, explain or characterize the fact to
which they relate so as in a just sense to be a part of it, and
necessary to its complete understanding.

Fourth. They must not be a narrative of past events.

Declarations of a party in his own favor, not part of the *res
gestæ,* are not evidence: Duvall *v.* Darby, 38 Pa. St., 56.

Where there is no ambiguity in a deed, parol evidence of
the intention of the parties is inadmissible: Albeit *v.* Zeigler,
29 Pa. St., 50; Fisher *v.* Diebert, 54 Id., 460; Kirk *v.* Hartman,
63 Id., 97; Martin *v.* Berens, 67 Id., 459. In the absence of
proof, any acquisition by the wife from her husband is pre-
sumed to be a gift voidable as against subsisting creditors:
Kelly's Appeal, 27 P. F. S., 236; Graybill *v.* Moyer, 9 Wright,
533; Keeny *v.* Good, 9 Harris, 355; Baringer *v.* Stiver, 13 Wr.,
129; Aurand *v.* Shaffer, 43 Pa. St., 363.

It is clearly recognized in equity that where there are sus-
picious circumstances the party is put upon proof of *bona fides:*
Boyd *v.* Dunlap, 1 Johns. Ch., 479.

Mr. Justice PAXSON delivered the opinion of the court
March 21st, 1887.

We think it was error to exclude the evidence referred to
in the first assignment of error. The defendants below were
charged with fraud, and it is familiar law that in such cases the
party alleging the fraud is entitled to a wide range of evi-
dence to sustain such charge. This grows out of the difficulty
of proving fraud. It is usually secret and is pursued by in-
tricate and crooked paths. At the same time a reasonable
liberality must be allowed to a defendant in his attempt to
rebut or disprove such a charge. It is a serious accusation to
make, as it affects not only property but reputation as well.

The particular fraud with which the defendants were charg-
ed below, was an attempt by the defendant, Wm. H. Heath,
to convey the property in dispute to his wife, Mary Heath,

without consideration, and in fraud of the rights of the plaintiff, who had a judgment against him for $6,240.

Chronology is sometimes of importance. The plaintiff entered a judgment against the defendant, Wm. H. Heath, on March 12th, 1878, for $6,240, on a note dated April 7th, 1877. The defendants conveyed the premises in controversy to S. A. Gardner by deed dated October 11th, 1877, for the consideration of $5,000. This consideration was never paid. S. A. Gardner gave Wm. H. Heath her note for $5,000, and on the 26th of November, 1877, she conveyed the property to Mary Heath, whereupon her note was surrendered to her. The plaintiff sold the premises on Aug. 9th, 1879, under an execution issued upon his judgment against Wm. H. Heath, and bought the same at sheriff's sale. He received a sheriff's deed therefor.

This, without more, would leave the title in the plaintiff by virtue of his purchase at sheriff's sale. But the defendant, Mary Heath, contends that the property belonged to her; that it was purchased for her by Wm. H. Heath, her husband, acting as her agent, and paid for out of her separate estate, of which she had ample for that purpose; that the placing of the title in her husband's name was a mistake, to which his attention had been called as soon as it was discovered; that he had promised to correct it, or make it right; that in pursuance of said object and for such purpose, the said Wm. H. Heath made an assignment to the said Mary Heath of said deed, which was indorsed on the back thereof, and dated Nov. 20th, 1869; that this deed with the indorsement thereon was submitted to counsel and his opinion asked as to whether that was the proper mode of conveying the estate, and the defendants were advised that "the more regular and legal way was to convey the property to a third person as trustee, and let him convey it back to Mary Heath;" and finally that the conveyance by the defendants to S. A. Gardner was made for the purpose of putting the title in the said Mary Heath, where she alleges it properly belonged. There was evidence that Mrs. Heath had ample separate estate derived from her father, to pay for the property.

It was under such circumstances that the offer of evidence embraced in the first assignment was made. Surely it was competent for the defendants when charged with such a fraud as this, to show that years before the plaintiff had become a creditor of Wm. H. Heath, the latter had assigned the property to his wife, and had consulted counsel as to the validity of the transfer. That the assignment was not recorded does not affect the competency of the evidence; the legal title was

out of Wm. H. Heath before the plaintiff entered the judgment against him.

It was not error to reject the offer of evidence referred to in the second assignment. It was an offer to prove by the witness on the stand, Miss S. A. Gardner, "that the purpose of the deed and assignment was to convey the legal estate in the land in question from William H. Heath to Mary Heath, and that the transfer to S. A. Gardner and her assignment was for that purpose; to be preceded. by the offer and admission of the deed."

We can see no objection to the admission of the deed, and we think it was competent to prove any fact which tended to throw light upon the conveyance to Miss Gardner and from her to Mary Heath. The cross-examination of the witness Gardner had left that transaction in an equivocal shape. It showed that the consideration named in the deed had not been paid. Now this conveyance may have been a fraud, or it may have been a bungling way of doing a perfectly lawful thing, that is, the conveying of the title from Wm. H. Heath to his 'wife, where, according to the theory of the latter, it should have been placed. originally. Hence, we think that any fact or circumstance occurring at the time, showing and explaining the true character of the transaction, would have been competent evidence. The witness was merely asked for an opinion. What was needed were the facts of the case, from which the jury could judge of the nature of the conveyance.

The third assignment is not sustained. We think it was competent to show that at the time Heath gave the judgment to the plaintiff he was the owner of from twenty to thirty thousand dollars worth of unencumbered real estate, for the reason that it tended to rebut the allegation of an intent to defraud creditors. But it was accompanied by an offer to show the extent and value of other real estate purchased by the plaintiff under this execution. This was not relevant to the issue trying, and as the evidence was offered as a whole it was not error in the court to reject it. There is sometimes peril in overloading an offer of evidence.

We sustain the fourth assignment. It was competent in rebuttal of the alleged fraud to show by the witness, L. W. De Witt, Esq., that he had seen the deed from Jos. Fellows to Wm. Heath, with the assignment to Mary Heath indorsed thereon. This was in 1875, about two years.before the plaintiff loaned this money to Heath. What has been said in regard to the first assignment renders a further discussion of this point unnecessary.

We also sustain the fifth assignment. The deed referred to with the assignment to Mary Heath indorsed thereon should

[Dyberry School District *v.* Mercer.]

have been admitted in evidence. This would seem to be obvious from what has been already said. The court rejected it as inconsistent with the affidavit of Mary Heath, made in the proceeding before the justice, to obtain possession under the Act of Assembly. In that affidavit she said that she did not come into the possession of the premises, and did not claim to hold the same under the said Wm. H. Heath, the defendant in the execution, but that she came into possession under the Gardner title, derived from the said William H. Heath before the date of the plaintiff's judgment, etc. If the property belonged to Mrs. Heath, as claimed by her, she might well have made such an affidavit. And if the Gardner conveyance was an honest transaction, though a clumsy one, it would be harsh to hold her to such a rule as this. We think the deed should have been admitted.

The sixth, seventh, eighth, ninth and tenth assignments allege error in the charge of the court, and are not sustained. Some stress was laid upon those portions of it which refer to the question whether the money of Mary Heath was traced into the purchase of this property. That she had the means to do so was not seriously disputed. This is not sufficient, however. It is not enough to have the means, they must be actually applied to the purchase. If, however, her husband had her money in his possession, and he used it in the purchase of the property, it would support her title. When a wife allows her husband to act as her agent in the care and investment of her money, no presumption of a gift arises. On the contrary, if he invests it in real estate and takes the title in his own name, a resulting trust arises in her favor.

The eleventh assignment is not sustained. The question of actual fraud could not have been properly withdrawn from the jury.

Judgment reversed and a *venire facias de novo* awarded.