# Jensen *v.* McCorkell, Appellant.

| 154 | 323 |
|---|---|
| 193 | 192 |

| 154 | 323 |
|---|---|
| 23 SC | ¹521 |

*Promissory notes—Notice of protest—Mailing letter—Evidence.*

Depositing in the postoffice a properly addressed, prepaid letter, raises a natural presumption, founded on common experience, that it reached its destination by due course of mail. Mailing a letter in such a way is prima facie evidence that it was received by the person to whom it was addressed, but such prima facie proof may be rebutted by evidence showing that it was not received : Whitmore v. Dwellinghouse Insurance Co., 148 Pa. 405.

| 154 | 323 |
|---|---|
| f 211 | 588 |

| 154 | 323 |
|---|---|
| 215 | ¹629 |

| 154 | 323 |
|---|---|
| 222 | ¹652 |

In an action against an indorsee of a promissory note, plaintiff's evidence was to the effect that, on the day the note was dishonored, a notice of protest properly addressed to defendant at "Philadelphia Driving Park, Philadelphia," was deposited in the postoffice ; that on the envelope was the name and the address of the notary who sent the notice, with a request for return if not delivered. It also appeared that the carrier delivery service did not extend to the "Philadelphia Driving Park," but that those who resided there, including defendant, received their mail regularly at the sub-postoffice in the vicinity. Defendant denied that he ever received the notice: *Held,* that the evidence was sufficient to leave to the jury the question whether the notice had been received by defendant.

Argued March 29, 1893. Appeal, No. 211, Jan. T., 1893, by defendant, John G. R. McCorkell, from judgment of C. P. No. 2, Phila. Co., June T., 1891, No. 928, on verdict for plaintiff, Anna M. Jensen. Before STERRETT, C. J., GREEN, MC-COLLUM, MITCHELL and DEAN, JJ.

Assumpsit against indorsee on promissory note.

The facts appear by the opinion of the Supreme Court.

*Francis H. Garrett, William Gorman* with him, for appellant, cited: Kramer v. McDowell, 8 W. & S. 138; Haly v. Brown, 5 Pa. 178; Tanner v. Hughes, 53 Pa. 289 ; Gordon v. Pedrick, 6 Phila., 254; Dicken v. Hall, 87 Pa. 379 ; Cassidy v. Kreamer, 22 W. N. 109.

*Ernest L. Tustin,* for appellee, not heard, cited : Shoemaker v. Mechanics Bank, 59 Pa. 79; Woods v. Neeld, 44 Pa. 86; Bank v. Stoker, 1 La. An. 269 ; Grinman v. Walker, 9 Iowa, 426; Nevius v. Bank, 10 Mich. 547 ; Hallowell & Co. v. Curry, 41 Pa. 322.

OPINION BY MR. CHIEF JUSTICE STERRETT, April 17, 1893:

This suit is on a note at ninety days from March 28, 1890, made by Rodger Convery to the order of P. C. Convery, indorsed by him and by the defendant, etc.

It is conceded the note was duly presented to the maker at maturity and protested for nonpayment. The only question was whether defendant was legally notified of the dishonor of the note. Alonzo R. Rutherford, the notary by whom it was protested, testified, in substance, that on the day named he enclosed notice of protest in an envelope addressed to defendant, " Philadelphia Driving Park, Philadelphia," his then place of residence in said city, and mailed the same on that day in the Philadelphia postoffice. He further testified that on the envelope, in which he sent the notice, the words, " Return to Alonzo R. Rutherford, if not delivered," etc., were stamped, and that said letter was never returned to him. It was also in evidence that the then United States carrier delivery service did not cover " Philadelphia Driving Park," but those who resided there, including defendant, received their mail matter regularly at the sub-postoffice or station located in that section of the city near defendant's residence.

The defendant denied having received the notice of protest; and his man of business who was accustomed to call at the sub-postoffice daily, once, twice and occasionally thrice, for his employer's mail, and sometimes, in his absence, opening the same, testified that he knew nothing of the receipt of said notice.

No points for charge were submitted to the court by either party. After referring to plaintiff's evidence, tending to show that the notice of protest was duly mailed to and received by defendant, and also to defendant's rebutting testimony, the learned judge instructed the jury to find, from all the evidence before them, whether or not the notice was sent and reached defendant's residence or place of business, and among other things said: " If it came to either of them it was a sufficient notice within the requirements of the law, if it came within a reasonable time," and that " the date July 12th, which has been mentioned in the course of the case, would be too late."

Considering the two specifications in their inverse order, we think defendant unjustly complains of the court for " not

charging the jury that, under all the evidence in the case, their verdict should be for the defendant." The learned judge was not requested to thus instruct the jury, and thereby withdraw the case from their consideration. If such instruction had been asked, in view of the evidence referred to, it would have been error to have given it.

The only other specification is the following excerpt from the learned judge's charge : " The United States government has taken hold of the distribution of the mails, and, in the city of Philadelphia, letters deposited in the mail are delivered daily, and where there is upon the back of an envelope a stamp of the name of the person who sends letters, the letters are returned if they are not delivered. Under this condition of things, I instruct you there is a presumption when the letter is mailed to the proper address within the city that it is delivered in accordance with the direction."

The plaintiff's evidence, as we have seen, was to the effect that on the day the note was dishonored, a notice of protest properly addressed to defendant was deposited in the Philadelphia postoffice. In due course of mail the letter thus deposited by the notary would be promptly transmitted to the sub-postoffice — in the vicinity of defendant's residence — where he was accustomed to regularly receive his letters and other mail matter. The plaintiff's evidence on that subject was sufficient to warrant the jury in finding the fact of which their verdict is necessarily predicated, viz. : that the letter reached its destination—defendant's place of business or residence—by due course of mail, etc.

As we said in Whitmore v. Dwelling-house Insurance Co., 148 Pa., 405 ; 23 Atl. R. 1131, it is well settled that the fact of depositing in the postoffice a properly addressed, prepaid letter, raises a natural presumption, founded in common experience, that it reached its destination by due course of mail. In other words, it is prima facie evidence that it was received by the person to whom it was addressed; but that prima facie proof may be rebutted by evidence showing it was not received. The question is one of fact solely for the determination of the jury under all the evidence : Folsom v. Cook, 115 Pa. 549 ; Insurance Co. v. Tunkhannock Toy Co., 97 Pa. 424 ; Huntley v. Whittier, 105 Mass. 391 ; Briggs v. Hervey, 130

Mass. 188. In the case at bar, that presumption is strength-
ened by the undisputed evidence that the name and address of
the notary were stamped on the envelope covering the notice ·
of protest. So greatly, indeed, does that fact strengthen the
presumption, that it becomes well nigh conclusive. At least
it would be entitled to considerable weight in connection with
other facts and circumstances in the case.

In view of the evidence, and submission of the questions
arising thereon to the jury, their verdict, in favor of plaintiff,
by necessary implication establishes the facts that the notice
of protest, properly addressed and mailed to defendant, was
promptly transmitted to the sub-postoffice in the vicinity of his
well-known residence at "Philadelphia Driving Park," and was
there received by him or some one authorized to receive the same
from that office. That is sufficient to fix his liability as indorser.

Judgment affirmed.