David G. SZYMANSKI, Appellant

v.

Robert DOTEY and Sherry Jenkins, Appellees.

Superior Court of Pennsylvania.

Argued March 27, 2012.
Filed July 11, 2012.

290

David G. Szymanski, appellant, pro se.

Michael K. Lorenz, Conshohocken, for appellees.

BEFORE: ALLEN, OLSON and FITZGERALD,* JJ.

OPINION BY FITZGERALD, J.:

Appellant, David G. Szymanski, appeals *pro se* from the judgment entered in the Chester County Court of Common Pleas, following the denial of his post-trial motion. He challenges the trial court's decision not to grant him a new trial after entering judgment in favor of Appellees, Robert Dotey and Sherry Jenkins, following his failure to appear. We hold that under the unique facts of this case, a presumption of receipt of the notice scheduling trial is not established when a party seeking to invoke the mailbox rule has failed to demonstrate a presumption of mailing of the notice or that the notice was actually mailed. We reverse.

This case stems from a dispute over a 350–foot long privacy hedgerow on Appellant's property allegedly removed by Appellees. Appellant, represented by counsel, sued Appellees in magisterial district court and won a judgment of $8,168. Appellees appealed to the Chester County Court of Common Pleas, where the case was sent to an arbitration panel, which ruled in favor of Appellees. Appellant appealed the ruling, and the matter was listed for trial for June 14, 2010. That day, Appellant's counsel filed, and the court granted, a petition to withdraw because Appellant did not pay counsel's legal bills.

On December 9, 2010, the matter was again listed for trial during the two-week term beginning January 3, 2011. Docket No. 2009–02324–DA, at 10. A copy of the trial list for the two-week January 3 term was mailed to Appellant at his home address, and he acknowledged receiving it. Mot. for Post–Trial Relief, 2/10/11, at ¶ 7. The Civil Court Administrator also allegedly mailed a letter dated December 14,

2010, to Appellant, scheduling trial for January 10, 2011, at 9:30 a.m. The December 14, 2010 letter was purportedly sent to the same home address as the trial list. Trial Ct. Op., 11/2/11, at 2.

On January 10, 2011, Appellant failed to appear at 9:30 a.m. for the scheduled trial. N.T., 1/10/11, at 2. At 10:06 a.m., Patricia Drangel, the Civil Court Administrator, was called to testify. *Id.* at 4. Ms. Drangel's substantive testimony appears below:

> The Court: And you were the author of the letter dated December 14, 2010 to [Appellant] and [Appellee's counsel]?
>
> Ms. Drangel: Yes, your Honor.
>
> The Court: Have you had any return mail in connection with that or any insufficient days' notification, et cetera?
>
> Ms. Drangel: Your Honor, we have received nothing back from this correspondence indicating that it has been returned to us.

*Id.* (capitalization omitted). Following Ms. Drangel's testimony, the court entered judgment for Appellees. *Id.* at 5.

Appellant filed a post-trial motion, claiming lack of notice of the trial date. The trial court held a hearing on the post-trial motion on March 25, 2011, where Appellant testified that he never received the December 14 letter despite "wait[ing] every day for it" and checking his mail every day. N.T., 3/25/11, at 4. Appellant further testified that because he cannot see his mailbox from his house, he has had problems receiving mail in the past; his mail was stolen twice, and within the last four years, he "lost" his mailbox "three or four times." *Id.* at 2–3.

In response, Appellees' counsel cited the "mailbox rule," that proof of mailing raises a rebuttable presumption that the letter was received. *Id.* at 6–7. Appellees'

---

* Former Justice specially assigned to the Superior Court.

counsel cited case law holding that mere assertion of non-receipt is insufficient to rebut the presumption of receipt. *Id.* at 7 (citing, *e.g., Breza v. Don Farr Moving & Storage Co.,* 828 A.2d 1131, 1135 (Pa.Super.2003)).

The court denied Appellant's motion, holding that Appellant did not provide sufficient evidence to rebut the presumption of receipt. *Id.* at 12. The court noted that because Appellant had received mail at his home address both before and after the subject letter in question and was aware of prior problems in receiving mail, he should have been "diligent and in touch with court administration" if he had any concern about receiving mail from the court. *Id.* at 12–13.

Appellant timely appealed from the trial court's denial of his post-trial motion and timely filed a court-ordered Pa.R.A.P. 1925(b) statement. He raises the following issue for our review:

Whether the trial court correctly applied the mail box rule, when it ignored [Appellant's] sworn testimony that he did not receive the trial notice by first class mail-where there was no evidence, much less sufficient evidence that the trial notice was placed into the United States mail-and thus deprived [Appellant] of his constitutionally protected right to trial.

Appellant's Brief at 4.

■ Appellant claims that the trial court erred in determining that Appellees met the evidentiary predicate necessary for application of the mailbox rule, where there was no evidence that the trial notice was placed in the mail. *Id.* at 12. Appellant notes that the mailbox rule dates from a period when mail service was more reliable. *Id.* Appellees argue that the trial court properly applied the mailbox rule presumption because Ms. Drangel's testimony was competent evidence of mailing,

which is enough to raise the presumption of receipt. Appellee's Brief at 22–24 (citing *Commonwealth Dep't of Transp. v. Grasse,* 146 Pa.Cmwlth. 17, 606 A.2d 544, 546 (1992) [hereinafter *Grasse* ] ). After reviewing the record in this matter, we are compelled to agree with Appellant.

■ "Our scope of review in a non-jury trial is limited to whether findings of fact are supported by competent evidence and whether the trial court committed an error of law." *Breza,* 828 A.2d at 1134 (citations omitted). "With respect to factual conclusions," this Court "may reverse the trial court if its findings of fact are predicated on an error of law or are unsupported by competent evidence in the record." *Mastroni–Mucker v. Allstate Ins. Co.,* 976 A.2d 510, 518 (Pa.Super.2009).

■ The mailbox rule provides that "depositing in the post office a properly addressed, prepaid letter raises a natural presumption, founded in common experience, that it reached its destination by due course of mail." *Jensen v. McCorkell,* 154 Pa. 323, 325, 26 A. 366, 367 (Pa.1893) (citation omitted). As the Pennsylvania Supreme Court noted: "The overwhelming weight of statistics clearly indicates that letters properly mailed and deposited in the post office are received by the addressees." *Meierdierck v. Miller,* 394 Pa. 484, 487, 147 A.2d 406, 408 (Pa.1959). Thus, "[e]vidence that a letter has been mailed will ordinarily be sufficient to permit a jury to find that the letter was in fact received by the party to whom it was addressed." *Shafer v. A. I. T. S., Inc.,* 285 Pa.Super. 490, 428 A.2d 152, 156 (1981) (citations omitted).

■ However, "evidence of actual mailing is not required." *Commonwealth, Dep't of Transp. v. Brayman Constr. Corp.,* 99 Pa.Cmwlth. 373, 513 A.2d 562, 566 (1986) [hereinafter *Brayman* ]. The

Superior Court has held that "when a letter has been written and signed in the usual course of business and placed in the regular place of mailing, evidence of the custom of the establishment as to the mailing of such letters is receivable as evidence that it was duly mailed." *Christie v. Open Pantry Food Marts Inc. of Delaware Valley,* 237 Pa.Super. 243, 352 A.2d 165, 166–67 (1975) (citation omitted). To trigger the presumption of receipt, "the party who is seeking the benefit of the presumption must adduce evidentiary proof that the letter was signed in the usual course of business **and** placed in the regular place of mailing." *Geise v. Nationwide Life & Annuity Co. of America,* 939 A.2d 409, 423 (Pa.Super.2007) (emphasis added); *Shafer,* 428 A.2d at 156. "A presumption that a letter was received cannot be based on a presumption that the letter was mailed. A presumption cannot be based on a presumption." *Geise,* 939 A.2d at 423 (citations omitted). Documentary evidence of mailing or testimony from the author that a document was mailed may establish the presumption of receipt. *See Grasse,* 606 A.2d at 546 (holding appellees met burden of proof of mailing by producing certified driving record which included document showing notice was mailed);[1] *cf. Meierdierck,* 394 Pa. at 487, 147 A.2d at 408 (holding that "[w]here the use of the mails as a means of acceptance is authorized or implied from the surrounding circumstances, the acceptance is complete by posting the letter in normal mail channels, without more.").

■ We hold that in the instant case, the evidence adduced at the January 2011 trial did not establish that the notice setting the date for Appellant's trial was mailed, or that it was prepared in the ordinary course of business **and** placed in the regular place of mailing. *See Christie,* 352 A.2d at 166–67. Ms. Drangel, the Civil Court Administrator, testified that she was the author of the December 14, 2011 trial notice. N.T., 1/10/11, at 4. However, she did not testify that she placed the notice in her office's usual place for outgoing mail, nor did she testify that she or any other employee mailed it via any method of mailing. *See id.* Pursuant to *Brayman* and *Christie,* Ms. Drangel's testimony did not constitute competent evidence of mailing because she offered no testimony or evidence that she had placed the notice in the office's regular place of mailing or on the custom as to the mailing of such notices. *See Brayman,* 513 A.2d at 566; *Christie,* 352 A.2d at 166–67. Ms. Drangel's testimony also failed to conform to the rule set forth in *Meierdierck,* that introducing testimony that the notice was mailed suffices to establish the mailbox rule's presumption of receipt. *See Meierdierck,* 394 Pa. at 487, 147 A.2d at 408. Although Ms. Drangel testified that she was the author of the December 14th notice, she did not testify that the notice was mailed. *See N.T.,* 1/10/11, at 4.

Furthermore, unlike in *Grasse,* the record does not reflect any documentary evidence corroborating Appellees' claim that the notice was mailed. *Cf. Grasse,* 606 A.2d at 546. No docket entry marks the alleged mailing. *See* Docket No. 2009–02324–DA, at 10 (identifying October 20, 2010 scheduling of November 15, 2010 trial, December 9, 2010 scheduling of January 3, 2011 trial, and February 2, 2011 verdict, but not December 14, 2010 mailing). The copy of the notice produced at the January trial is dated December 14, 2010, but bears no indicia reflecting it was

---

1. Although not binding on this Court, we may rely on decisions by the Commonwealth Court if we are persuaded by their reasoning. *In re* *Brown,* 30 A.3d 1200, 1204 n. 2 (Pa.Super.2011).

mailed on a specific date. *See* Ex. A to Appellees' Resp./Ans. to Appellant's Mot. for Post–Trial Relief from the Feb. 2, 2011 Decision and Order. Accordingly, Appellees failed to carry their burden of proof that the December 14th notice was mailed.

Appellees particularly rely on *Breza* to support their argument that the trial court did not err in denying Appellant a new trial. In *Breza*, the appellant also failed to appear for arbitration and trial, and judgment was entered against him. *Breza*, 828 A.2d at 1135. The trial court applied the mailbox rule and held that the appellant had not successfully rebutted the presumption of receipt by solely offering testimony denying receipt of the item mailed. *Id.* This Court affirmed the trial court's decision, holding:

> In applying the mailbox rule, the trial court found that the docket entries established that the complaint containing notice of the arbitration date was mailed on November 27, 2000. Because there were no docket entries indicating the complaint had been returned, the trial court determined [the appellee] established a rebuttable presumption that [the appellant] received the mailing....

*Id.*

However, Appellees' reliance on *Breza* is misplaced. In *Breza*, the document in question was a complaint containing the arbitration date, not a trial notice, and was served via first-class mail. *Id.* at 1136. The *Breza* trial court relied on an Allegheny County local rule specifying that first-class mailing of a copy of the complaint operated as service and proof of service as required by Pa.R.C.P.D.J. 1005A and 1005B. *Id.* Finally, in *Breza*, the trial court relied on docket entries that established the date that the complaint containing notice of the arbitration date was mailed. *Id.*

In the instant case, the record contains no indication that the notice in question was mailed. Ms. Drangel simply testified that she authored the notice and that nothing was returned in connection with it. N.T. Trial, 1/10/11, at 4. In addition, the docket does not reflect the notice's alleged mailing. *See* Docket No. 2009–02324–DA, at 10. The presumption of receipt cannot follow from such indicia because the record does not establish a presumption of mailing, let alone actual mailing. *See Geise*, 939 A.2d at 423.

The facts of the present case resemble those in *Commonwealth v. Thomas*, 814 A.2d 754 (Pa.Super.2002). In *Thomas*, the defendant was convicted of a summary offense of cruelty to animals and failed to appear at a summary appeal hearing. *Id.* at 756. The defendant claimed she did not receive the trial notice, but the trial court dismissed her petition to strike or withdraw the order convicting her. *Id.*

On appeal, the *Thomas* Court reversed the trial court and granted a new trial. *Id.* at 762. The *Thomas* Court held that the Commonwealth failed to meet the evidentiary predicate necessary for application of the mailbox rule's presumption of receipt. *Id.* at 758. An employee of the county court administrator's office testified to the general practice for the preparation and mailing of all summary appeal hearing notices, but did not offer testimony of mailing the specific hearing notice at issue. *Id.* at 759. Importantly, according to the *Thomas* Court, the employee acknowledged "that there was no official record kept of any of the notices ... prepared and given to the tipstaff for delivery to the mailroom on" the day the notice was allegedly prepared. *Id.* In sum,

> there was no testimony adduced at the evidentiary hearing held in this matter from any individual who had a personal recollection of mailing [the defendant's]

notice of her appeal hearing or who had a personal recollection of preparing the notice and placing it in the regular place of mailing. Neither was there produced at the evidentiary hearing any official county or postal records, that were kept in the ordinary course of business, which showed that this notice was in fact mailed to [the defendant], or that this notice had been prepared and taken to the regular place of mailing. Under these circumstances we must agree with [the defendant] that the Commonwealth did not meet the evidentiary threshold for the application of the mailbox rule. *Id.* at 759–60. "Merely producing an un-timestamped copy of a hearing notice contained in the Clerk of Courts file, and offering generic testimony as to the standard mailing procedures for summary appeal hearing notices in Beaver County was insufficient." *Id.* at 760.

The court administrator's employee in the present case, as in *Thomas,* did not offer any evidence of mailing the specific hearing notice, nor did she offer generic testimony as to standard mailing procedures. Also like *Thomas,* the employee produced an un-timestamped copy of the trial notice with no markings indicating that the original had been mailed. *See* Ex. A to Appellees' Resp./Ans. to Appellant's Mot. for Post–Trial Relief from Feb. 2, 2011 Decision and Order. The evidence offered to support the notice's mailing was insufficient to establish the evidentiary predicate required for application of the mailbox rule. *See Thomas,* 814 A.2d at 759–60.

■ The trial court explicitly "found the testimony of Ms. Drangel credible that she mailed the December 14, 2011, letter to [Appellant] advising of the trial date, time and location, including courtroom." Trial Ct. Op. at 4. A reviewing court will respect a trial court's credibility determinations unless it can be shown that the trial court's "determination was manifestly erroneous, arbitrary and capricious, or flagrantly contrary to the evidence." *Ecksel v. Orleans Constr. Co,* 360 Pa.Super. 119, 519 A.2d 1021, 1028 (1987) (internal citation omitted). In the case at bar, Ms. Drangel did not testify she had mailed the notice, she had placed the notice in the usual place of mailing, or about the custom as to the mailing of such notices. The trial court's determination that Ms. Drangel's testimony that she mailed the letter is credible is unsupported by the factual record. Thus, the trial court's credibility determination does not bind us. *See Ecksel,* 519 A.2d at 1028.

We note that Appellant further argues that the court erred in ruling that his testimony of non-receipt was not sufficient to rebut the presumption of receipt established under the mailbox rule. Because we hold that the trial court incorrectly applied the evidentiary predicate of the mailbox rule, we do not reach the court's ruling that Appellant had not rebutted the presumption of receipt. Accordingly, because Appellees failed to present competent evidence that the December 14, 2011 trial notice was mailed, the mailbox rule's presumption of receipt does not apply in the instant case. We reverse the order of the trial court and vacate the judgment below.

Order reversed. Judgment vacated. Jurisdiction relinquished.