J. A33007/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

MARCOS SANCHEZ, M.D.      :      IN THE SUPERIOR COURT OF
     :      PENNSYLVANIA
            v.      :
     :
MEHDI NIKPARVAR, M.D. AND      :
INCARE, LLC,      :      No. 1407 EDA 2013
     :
        Appellants      :

Appeal from the Judgment, April 17, 2013,
in the Court of Common Pleas of Carbon County
Civil Division at No. 11-0247

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED FEBRUARY 23, 2016**

Mehdi Nikparvar, M.D. (hereinafter "appellant" or "defendant"),[1]

appeals from the April 17, 2013 order from the Carbon County Court of

Common Pleas denying his motion for post-trial relief pursuant to

Pa.R.C.P. 227.1(a)(1), following a jury trial verdict in favor of

Marcos Sanchez, M.D. (hereinafter "appellee" or "plaintiff").[2]  We affirm.

The trial court provides the following procedural history:

---

* Retired Senior Judge assigned to the Superior Court.

[1] For the purposes of this memorandum, "appellant" shall refer only to
Dr. Nikparvar, unless otherwise noted, as InCare has not filed a concise
statement of matters complained of on appeal pursuant to
Pa.R.A.P. 1925(b).  ***See infra***.

[2] Judgment was thereafter entered on April 17, 2013.

Plaintiff instituted this action on January 31, 2011, alleging, among other things, breach of contract and violation of the Pennsylvania Wage Payment and Collection Law.[3] On March 22, 2011, default judgment was entered in favor of Plaintiff and against Defendants. Several weeks later, Defendants obtained legal counsel in the person of Attorney Gregory Moro who then in turn filed a petition requesting this Court to strike the judgment, or in the alternative open said judgment claiming they were never served with the complaint.[Footnote 1] Thereafter a rule was issued upon Plaintiff as to why Defendants' petition should not be granted and a hearing was scheduled on the petition. On September 12, 2011, the Honorable Senior Judge Stine granted Defendants' petition to open judgment and required Defendants to file a responsive pleading thereafter.

Three months later, on December 13, 2011, Attorney Moro filed a petition to withdraw as counsel with said petition being granted on January 17, 2012. Thereafter, Plaintiff filed various motions to compel discovery to which Defendants failed to respond and failed to appear before the Court when hearings on the motions were held.

After a pre-trial conference, whereby Defendants failed to appear, the matter was scheduled for trial to be held on February 4, 2013. Notice of the trial order was sent on August 14, 2012 to Plaintiff and both Defendants to the addresses each party provided to the Court. On February 4, 2013, the trial in this matter was held despite Defendants' failure to appear for the trial. After Plaintiff presented his case-in-chief the jury found in favor of Plaintiff and against Defendants. The verdict was entered on February 4, 2013, and notice of such was sent to each Defendant. On February 12, 2013, Defendant, Nikparvar, filed a petition to strike or open judgment; however this Court denied such petition on the basis that said petition was

---

[3] 43 P.S. § 260.1, *et seq.*

premature since no judgment had been entered against either Defendant.

On March 1, 2013, Defendants filed a post-trial motion and a hearing was scheduled for March 22, 2013. At the hearing Plaintiff's counsel objected to Defendants' post-trial motion as being untimely claiming Defendants waived such right to assert any post-trial motion. This Court however denied Plaintiff's objection to ensure Defendants did not have a meritorious defense for their failure to appear at trial and on the underlying breach of contract action. On April 17, 2013, this Court denied Defendants' post-trial motion. A month later [May 17, 2013] Defendants filed this present appeal of this Court's Order of April 17, 2013.

By Order of Court dated May 17, 2013, and docketed May 20, 2013, this Court directed Defendants to file a concise statement of the matters complained of in the appeal within twenty-one (21) days from the date of the order being docketed pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

_____

[Footnote 1] Defendants did file an amended petition to strike or open the judgment two days later.

Trial court opinion, 6/12/13 at 1-3.[4]

On June 3, 2013, InCare filed a petition of bankruptcy with the United States Bankruptcy Court for the Eastern District of Pennsylvania. InCare's counsel filed notice of the bankruptcy proceedings with this court on June 14, 2013. On October 7, 2013, in a **_per curiam_** order, this court

_____

[4] The trial court filed two opinions in this matter, on June 12, 2013 and July 31, 2015, because it was never notified of InCare's bankruptcy proceedings with the Bankruptcy Court. (**_See_** trial court opinion, 7/31/15 at 2 n.2.)

ordered a stay on all proceedings against both appellants while InCare's bankruptcy proceedings were pending pursuant to 11 U.S.C. § 362. Upon petition of appellee, the bankruptcy court lifted the automatic stay on June 4, 2015, only as to Dr. Nikparvar. On June 15, 2015, this court lifted its stay on the instant appeal.

> [O]n June 10, 2015, only Appellant Nikparvar filed a Concise Statement of Matters Complained of on Appeal, pursuant to Pennsylvania Rules of Appellate Procedure 1925(b). In this statement, Appellant Nikparvar raised the following two issues:
>
> 1) The Court erred in its February 7, 2013 Order because InCare compensated Plaintiff/Appellee for all amounts owed under Plaintiff/Appellee's employment contract and thus, neither Dr. Nikparvar nor InCare was liable under the Wage Payment and Collection Law. **_See_** 43 P.S. § 260.1 **_et seq._**; and
>
> 2) The Court erred in its April 17, 2013 Order because the verdict against Dr. Nikparvar was invalid since Dr. Nikparvar did not receive notice of, and did not attend, the trial. **_See Helper v. Urban_**, 518 Pa. 482, 484 (1988) (opening judgment where, "the petition to open [is] promptly filed; (2) the failure to appear or file a timely answer [is excused]; and (3) the party seeking to open the judgment [has a] meritorious defense."

J. A33007/15

Trial court opinion, 7/31/15 at 3-4 (footnote omitted).  The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on July 31, 2015.[5]

Appellant raises the following issue on appeal:

> 1.  Whether the Court erred in its April 17, 2013 Order because the verdict against Appellant, Dr. Nikparvar ("[a]ppellant" or "Dr. Nikparvar"[)]  was invalid because Dr. Nikparvar did not receive notice of, and did not attend, the trial, and was deprived of the opportunity to defend against the claims[?]

Appellant's brief at 4.

Before we can address appellant's issue on its merits, we must first determine whether appellant's post-trial motion is timely.  The Pennsylvania Rules of Civil Procedure require the following:

> (c)  Post-trial motions shall be filed within ten days after
>
> > (1)  verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial;
>
> . . . .

Pa.R.C.P. 227.1(c)(1).  A trial court is free to either dismiss an untimely post-trial motion or ignore the motion's untimeliness and consider it on its merits.  ***Ferguson v. Morton***, 84 A.3d 715, 718 n.4 (Pa.Super. 2013), ***appeal denied***, 97 A.3d 745 (Pa. 2014) (citations omitted).

> "Whenever a party files post-trial motions at a time when the court has jurisdiction over the matter but

---

[5] The trial court also questions the timeliness of the filing of the Rule 1925 statement, but then addresses the issues raised therein.

> outside the ten-day requirement of Pa.R.C.P. 227.1, the trial court's decision to consider the motions should not be subject to review unless the opposing party objects." *Mammoccio v. 1818 Market Partnership*, 734 A.2d 23 (Pa.Super. 1999) (citing *Millard v. Nagle*, 402 Pa.Super. 376, 587 A.2d 10, 12 (1991) *affirmed*, 533 Pa. 410, 625 A.2d 641 (1993)). If the opposing party objects, then the trial court must consider the fault of the party filing late and the prejudice to the opposing party. *Id.*

*Watkins v. Watkins*, 775 A.2d 841, 845 n.1 (Pa.Super. 2001). Here, the trial court denied appellant's post-trial motion on both procedural and substantive grounds. Specifically, the trial court found that the post-trial motion filed by appellant and InCare was untimely because it was filed more than ten days after the jury verdict. (*See* trial court order, 4/17/13 at 1 n.1, citing Pa.R.C.P. 277.1(c).) We could affirm the trial court on this basis; however, even in reviewing appellant's issue, because the trial court held a hearing and denied appellant's motion, we would grant no relief.

On appeal, appellant avers that he never received notice of his February 4, 2013 trial, and that he has overcome the mailbox rule's presumption of receipt.

> The mailbox rule provides that "depositing in the post office a properly addressed prepaid letter raises a natural presumption, founded in common experience, that it reached its destination by due course of mail." *Jensen v. McCorkell*, 26 A. 366, 367 (Pa. 1893) (citation omitted). As the Pennsylvania Supreme Court noted: "The overwhelming weight of statistics clearly indicates that letters properly mailed and deposited in the post office are received by the addressees." *Meierdierck v. Miller*, 147 A.2d 406, 408 (Pa. 1959). Thus,

"[e]vidence that a letter has been mailed will ordinarily be sufficient to permit a [fact finder] to find that the letter was in fact received by the party to whom it was addressed." **Shafer v. A. I. T. S., Inc.**, 428 A.2d 152, 156 (Pa.Super. 1981) (citations omitted).

However, "evidence of actual mailing is not required." **Commonwealth, Dep't of Transp. v. Brayman Constr. Corp.**, 513 A.2d 562, 566 (Pa.Cmwlth. 1986)[]. The Superior Court has held that "when a letter has been written and signed in the usual course of business and placed in the regular place of mailing, evidence of the custom of the establishment as to the mailing of such letters is receivable as evidence that it was duly mailed." **Christie v. Open Pantry Food Marts Inc. of Delaware Valley**, 352 A.2d 165, 166-167 (Pa.Super. 1975) (citation omitted). To trigger the presumption of receipt, "the party who is seeking the benefit of the presumption must adduce evidentiary proof that the letter was signed in the usual course of business **and** placed in the regular place of mailing." **Geise v. Nationwide Life & Annuity Co. of America**, 939 A.2d 409, 423 (Pa.Super. 2007) (emphasis added); **Shafer**, 428 A.2d at 156. "A presumption that a letter was received cannot be based on a presumption that the letter was mailed. A presumption cannot be based on a presumption." **Geise**, 939 A.2d at 423 (citations omitted). Documentary evidence of mailing or testimony from the author that a document was mailed may establish the presumption of receipt. **See Commonwealth, Dep't of Transp. v. Grasse**, 606 A.2d 544, 546 (Pa.Super. 1992) (holding appellees met burden of proof of mailing by producing certified driving record which included document showing notice was mailed; **cf. Meierdierck**, 147 A.2d at 408 (holding that "[w]here the use of the mails as a means of acceptance is authorized or implied from the surrounding circumstances, the acceptance is complete by posting the letter in normal mail channels, without more.").

***Szymanski v. Dotey***, 52 A.3d 289, 292-293 (Pa.Super. 2012) (emphasisin original).

In the instant appeal, appellant cites two cases in which it was determined that the mailbox rule's presumption did not apply because the requirements to meet the presumption were not met. ***See Szymanski***, 52 A.3d at 293; ***Commonwealth v. Thomas***, 814 A.2d 754, 759 (Pa.Super. 2002). Both cases are distinguishable from the present case.

In ***Szymanski***, the Civil Court Administrator testified that she was the author of a trial notice to be sent to David Szymanski, the appellant in the case. ***Szymanski***, 52 A.3d at 293. The Court Administrator did not testify, "that she placed the notice in her office's usual place for outgoing mail, nor did she testify that she or any other employee mailed it via any method of mailing." ***Id.*** Moreover, the trial court in ***Szymanski*** found that the record did not reflect any documentary evidence indicating that the trial notice was mailed. In ***Thomas***, this court found that testimony regarding the general practice of mailing hearing notices was not sufficient to establish the mailbox rule's presumption of receipt. ***Thomas***, 814 A.2d at 759. The record also did not reflect any documentary evidence that the notice was mailed. ***Id.*** at 760.

Here, appellees did not introduce any testimony from any employee of the Carbon County Court of Common Pleas indicating that appellant was mailed a trial notice. Unlike ***Szymanski*** and ***Thomas***, however, the record

in this case reflects that notice of trial was mailed to appellant. The case docket maintained by the trial court indicates that appellant was mailed a trial notice:

> 183. 8/15/12 RCP (236)[6] NOTICE MAILED TO
> ATTY BERGSTEIN & DEFS (JURY TRIAL ORDER)

Reproduced record at 8a. This entry in the case docket provides documentary evidence that the trial notice was mailed to appellant, as contemplated by this court in **Szymanski** and by the Commonwealth Court in **Grasse**. Therefore, we find that the mailbox rule does apply in this case, and that the presumption of receipt has been met.

Appellant next avers that even if the mailbox rule did apply, he has overcome the presumption of receipt. Specifically, appellant claims that the trial court's reliance on **Rothstein v. Polysciences**, 853 A.2d 1072 (Pa.Super. 2004), is misguided because the decision in **Rothstein** was primarily based on an attorney's failure to comply with a local rule in the Bucks County Court of Common Pleas, which required the attorney to notify the Bucks County Court Administrator of any change in the attorney's address. (Appellant's brief at 16-17; **Rothstein**, 853 A.2d at 1075.) While Carbon County does not have a similar local rule to the Bucks County rule at

---

[6] The Pennsylvania Rules of Civil Procedure require the prothonotary to "immediately give written notice of the entry of . . . any . . . order or judgment to each party's attorney of record or, if unrepresented, to each party. The notice shall include a copy of the order or judgment." Pa.R.C.P. 236 (a)(2).

issue in **Rothstein**, we agree with the trial court that appellant, who had been represented by numerous counsel throughout the course of this litigation, had "a duty and obligation to notify the Court or Prothonotary of his change of address." (Trial court order, 4/17/13 at 2 n.1.)

Moreover, appellant provided no evidence other than his own testimony that he did not receive a notice of trial. As noted by the trial court, mere testimony of lack of receipt is not enough to overcome the mailbox rule's presumption. **Samaras v. Hartwick**, 698 A.2d 71, 73-74 (Pa.Super. 1997), quoting **Grasse**, 606 A.2d at 545 ("proof of a mailing raises a rebuttable presumption that the mailed item was received and it is well-established that the presumption under the mailbox rule is not nullified solely by testimony denying receipt of the item mailed"). The trial court found appellant's testimony regarding his lack of notice to be incredible. (**See** trial court opinion, 7/31/15 at 9.) We also join the trial court in finding it "puzzling how [appellant] can claim he did not receive any Court orders after May of 2012 or notice of the trial, yet he received notice of the jury verdict that was sent to the same Bloomsburg address as all previous Court orders." (Trial court order, 4/17/13 at 2 n.1.) We therefore find that appellant is unable to overcome the mailbox rule's presumption of receipt of the trial notice.

Judgment affirmed. Although this court has not found this appeal to be wholly frivolous, we do remand for a reward of costs to appellee pursuant to Pa.R.A.P. Chapter 27. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/23/2016