J-S42014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SAMUEL JEFF KENNEDY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| K&J CONSTRUCTION AND LANDSCAPING LLC AND NATHAN HILL, | |
| Appellants | No. 1223 WDA 2015 |

Appeal from the Order Dated July 10, 2015
In the Court of Common Pleas of Washington County
Civil Division at No(s): No. 2014-487

BEFORE:  SHOGAN, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 25, 2016**

K&J Construction and Landscaping, LLC and Nathan Hill (collectively, "Appellants") appeal the July 10, 2015 order denying their petition to strike and/or open a default judgment entered in favor of Appellee, Samuel Jeff Kennedy ("Kennedy"). The issue for review concerns Appellants' claim that they were never served with the complaint.  We affirm.

The trial court recounted the procedural history as follows:

> On January 24, 2014, [Kennedy] commenced this action by filing a Praecipe for Summons and Summons in Civil Action. On February 11, 2014, a sheriff served Vanessa Hill, the wife of [Appellant] Nathan Hill, with said praecipe at the couple's home. [Kennedy] filed a Proof of Service indicating that both [Appellants] were duly served by the Fayette County Sheriff's

---

[*] Former Justice specially assigned to the Superior Court.

Department. Eight months later, on October 3, 2014, [Kennedy] filed a Complaint, alleging breach of contract, as well as violations of the Home Improvement Consumer Protection Act (73 P.S. 517.1 §§ *et seq*) and the Unfair Trade Practice and Consumer Protection Law (73 P.S. 101.1 §§ *et seq*). *Complaint*. On November 21, 2014, [Kennedy] filed a Proof of Service, in which [Kennedy's] counsel, James R. Jeffries, Esq., represented that he had served the Complaint on [Appellants] by U.S. Certified Mail Return Receipt Request, and U.S. Regular Mail. *Proof of Service*. According to Attorney Jeffries, the U.S. Certified Mail came back unclaimed, but the U.S. Regular Mail had not been returned after 14 days. *Id.* Approximately three weeks later, [Kennedy] filed a Praecipe for Default Judgment Pursuant to Pa.R.C.P. 1037(b).

On April 28, 2015, [Appellants] filed a Petition to Strike and/or Open Judgment, and a hearing on the matter was held on June 1, 2015. At said hearing, the following discourse took place between the Court and [Appellants'] attorney, John M. Zeglen, Esq.

> MR. ZEGLEN: Do you want testimony, Your Honor, or do you want just argument?
>
> THE COURT: I don't know if any of the facts are in dispute. I don't think so. Just argument is fine.
>
> MR. ZEGLEN: And I think you're right, based on the answer that he filed and so forth.

*Hearing transcript* 2:13-19. Thus, no evidence was proffered. On July 10, 2015, the Court denied [Appellants'] petition, and reasoned:

> Service [of the writ of summons] was proper pursuant to Pa.R.C.P. 400 and Pa.R.C.P. 402, and [Appellants] became parties to this litigation when this service was affected. Accordingly, [Kennedy] was permitted to mail the subsequent complaint to [Appellants] Pa.R.C.P. 440. [Kennedy's] counsel indicated that a copy of the complaint sent by U.S. Regular mail had not been returned after 14 days, and thus it is presumed that the complaint was received by [Appellants]. *Breza v. Don Farr Moving*

- 2 -

> *& Storage Co.*, 828 A.2d 1131, 1135 (Pa. Super. 2003) (The mailbox rule raises a rebuttable presumption that the mailed item was received). Thus, service was proper, no fatal defect, and the Petition to Strike is DENIED. As to the Petition to Open, the Court finds that the [Appellants] did not act promptly in filing this Petition and no equitable reason to open the judgment is apparent, and Petition to Open is DENIED.

*Court Order of July 10, 2015.* [Appellants] timely filed this appeal.

Trial Court Opinion, 12/16/15, at 1–2.

Appellants raise the following issues on appeal:

I. Whether the [Trial] Court Improperly Applied the Mailbox Rule?

II. Whether the Court Violated the Appellants' Due Process Rights?

III. Whether the Trial Court Erred in Denying Appellants' Petition to Strike Default Judgment?

Appellants' Brief at 3. Our standard of review is described as two-fold:

> "A petition to strike a default judgment and a petition to open a default judgment are two distinct remedies, which are generally not interchangeable." **Williams v. Wade**, 704 A.2d 132, 134 (Pa. Super. 1997) (quoting **U.K. LaSalle, Inc. v. Lawless**, 421 Pa. Super. 496, 618 A.2d 447, 449 (1992)). A petition to open default judgment is discretionary; to reverse, we must find either a manifest abuse of discretion or an error of law by the trial court. **Bullard**, 839 A.2d at 386 (citing **Penn–Delco School Dist. v. Bell Atlantic–Pa, Inc.**, 745 A.2d 14, 17 (Pa. Super. 1999)). Conversely, "[a] petition to strike a judgment raises a question of law and relief thereon will only be granted if a fatal defect appears on the face of the record." **RAIT Partnership, LP v. E Pointe Properties I, Ltd.**, 957 A.2d 1275, 1277 (Pa. Super. 2008) (citing **Knickerbocker Russell Co., Inc. v. Crawford**, 936 A.2d 1145, 1146 (Pa. Super. 2007)).

*Oswald v. WB Public Square Associates, LLC*, 80 A.3d 790, 794 n.3 (Pa.

Super. 2013).

Appellants first contend that the trial court incorrectly relied upon the

mailbox rule in denying Appellants' motion to strike.[1]   The mailbox rule

provides that:

> depositing in the post office a properly addressed, prepaid letter
> raises a natural presumption, founded in common experience,
> that it reached its destination by due course of mail. *Jenson v.*
> *McCorkell,* 154 Pa. 323, 325, 26 A. 366, 367 (Pa. 1893)
> (citation omitted). [ . . . ]   Thus, [e]vidence that a letter has
> been mailed will ordinarily be sufficient to permit a jury to find
> that the letter was in fact received by the party to whom it was
> addressed.  *Shafer v. A.I.T.S., Inc.,* 285 Pa.Super. 490, 428
> A.2d 152, 156 (Pa. Super. 1981) (citations omitted).

*Szymanski v. Dotey*, 52 A.3d 289, 292 (Pa. Super. 2012) (internal

quotation marks omitted).   However, "evidence of actual mailing is not

required."  *Id*. (quoting *Commonwealth Dep't of Transp. v. Brayman*

*Constr. Corp.,* 513 A.2d 562, 566 (Pa. Cmwlth. 1986)).   "Documentary

evidence of mailing or testimony from the author that a document was

mailed may establish the presumption of receipt."  *Szymanski*, 52 A.3d at

293 (citing *Commonwealth Dep't of Transp. v. Grasse,* 606 A.2d 544,

546 (Pa. Cmwlth. 1992)).   In particular, "introducing testimony that the

notice was mailed suffices to establish the mailbox rule's presumption of

_____

[1] Appellants do not offer any particularized argument on the trial court's
denial of the petition to open the judgment.

- 4 -

receipt." *Szymanski*, 52 A.3d at 293 (citing *Meierdierck v. Miller*, 147 A.2d 406, 408 (Pa. 1959)).

Conversely, "the presumption under the mailbox rule is not nullified solely by testimony denying receipt of the item mailed." *Murphy v. Murphy*, 988 A.2d 703, 709 (Pa. Super. 2010) (quoting *Breza v. Don Farr Moving & Storage Co.*, 828 A.2d 1131, 1135 (Pa. Super. 2003)). Instead, the presumption of receipt under the mailbox rule may be nullified through the production of evidence demonstrating that the mailing was not in fact received. *Breza*, 828 A.2d at 1135 (citing *Donegal Mutual Insurance Company v. Insurance Department*, 719 A.2d 825 (Pa. Cmwlth. 1998) (finding that merely asserting that the letter was not received, without corroboration, is insufficient to overcome the presumption of receipt)).

The trial court offered the following rationale for applying the mailbox rule herein:

> [Appellants] complain that the Court improperly applied the mailbox rule, a likely reference to the Court's citation of *Breza v. Don Farr Moving & Storage Co. See Court Order of July 10, 2015* ("[Kennedy's] counsel indicated that a copy of the complaint sent by U.S. Regular mail had not been returned after 14 days, and thus it is presumed that the complaint was received by [Appellants]"). [Appellants] do not explain their theory of misapplication, but the record is sufficient to satisfy the rule, which states that "proof of a mailing raises a rebuttable presumption that the mailed item was received." *Samaras v. Hartwick*, 698 A.2d 71, 73 (Pa. Super. 1997) (internal citations omitted). Although [Kennedy] did not provide proof of mailing in the form of testimony, as is common in mailbox rule cases, [Appellants] agreed that an evidentiary hearing was unnecessary, because no facts were in dispute. *Hearing transcript 2:13-19*. Thus, [Kennedy] rightly enjoyed the rule's

rebuttable presumption, which [Appellants] did not even attempt to overcome. *See Donegal Mut. Ins. Co. v. Insurance Dept.*, 719 A.2d 825, 827 (Pa. Cmwlth. 1998) ("Once this presumption is established, the party alleging that it did not receive the letter has the burden of establishing such, and merely asserting that the letter was not received, without corroboration, is insufficient to overcome the presumption of receipt.").

Trial Court Opinion, 12/16/15, at 3–4.

Appellants argue that Kennedy is not entitled to the mailbox rule's rebuttable presumption of receipt because he did not offer testimony providing proof of mailing. Appellants also contend that if the mailbox rule's presumption of receipt does apply, they overcame the presumption by denying receipt of the complaint in their petition to strike and/or open. In addition, they aver that non-receipt was corroborated by the fact that both Appellants claimed they did not receive the complaint. We are not convinced by these assertions.

First, the trial court correctly concluded that the fact of mailing was established when Appellants agreed at the hearing on the petition's merits that there were no facts in dispute. N.T., 6/1/15, at 2; Trial Court Opinion, 12/16/15, at 4. Additionally, the certified record includes a Proof of Service in which Kennedy's counsel represented that he had served the complaint on Appellants by U.S. Certified Mail Return Receipt Request, and U.S. Regular Mail. The Proof of Service further informed that the U.S. Certified Mail came back unclaimed, but the U.S. Regular Mail had not been returned after fourteen days. Proof of Service, 11/21/10, Unnumbered Docket Entry. This

entry in the case docket provides documentary evidence that the complaint was mailed to Appellants; therefore, the mailbox rule applies and the presumption of receipt has been met. *See Szymanski*, 52 A.3d at 292.

Appellants' companion argument that they overcame the presumption of receipt likewise does not merit relief. Appellants' position that non-receipt was undisputed because they averred so in their petition to strike is precisely what the mailbox rule precludes. Mere denial does not, by itself, serve to rebut the presumption that a mailed item was not received. *Breza*, 828 A.2d at 1135. Also untenable is Appellants' claim that the fact of non-receipt was corroborated by each Appellant. Appellants cite *Donegal Mutual Insurance,* 719 A.2d at 827, for the proposition that the presumption of receipt can be nullified where the fact of non-receipt is verified by another. Appellant omits, however, the Commonwealth Court's recognition that the corroborative testimonial evidence in *Donegal* originated from "a disinterested third party." *Id*. at 827. In this matter, Appellants' theory that Appellant K&J Construction, a business entity and a party to this lawsuit, has the legal capacity to factually corroborate Appellant Hill's claim that the complaint was never received is not legally cognizable. *Accord Yocabet v. UPMC Presbyterian*, 119 A.3d 1012, 1027–1028 (Pa. Super. 2015) ("A corporation is a creature of legal fiction, which can act or 'speak' only through its officers, directors, or other agents."). We therefore

conclude that Appellants are unable to overcome the mailbox rule's presumption of receipt of the complaint.

Appellants' next argument is that the trial court violated their due process rights when it denied them an opportunity to present testimony at the hearing on the merits of their petition to strike and/or open the default judgment. We agree with the trial court's characterization of this allegation as "disingenuous" in light of the fact that Appellants agreed at the outset of the hearing that no facts were in dispute and agreed with the trial court to proceed with argument only. Trial Court Opinion, 12/16/15, at 4; N.T., 6/1/15, at 2. No further discussion is required.

Appellants' final contention is that the trial court erred in denying its petition to strike the judgment because they did not receive the complaint by either certified or regular mail. While at first reading, this allegation of error appears to be a re-styling of their mailbox rule argument, Appellants' citation to *Clymire v. McKivitz*, 504 A.2d 937 (Pa. Super. 1986), in support of their position indicates that they are asserting that the trial court failed to consider the appropriate Rules of Civil Procedure with regard to service. In *Clymire*, this Court decided that the record therein was fatally defective partially because the record did not disclose that the complaint was ever served upon McKivitz. *Id*. at 939. Here, we have already decided that application of the mailbox rule created a presumption that Appellants received the complaint. This conclusion itself distinguishes *Clymire* wherein

there was no evidence of an attempt at service. Additionally, the trial court

correctly explained why **Clymire** is not helpful to Appellants' argument:

> The Court relied on Pa.R.C.P. 440, which allows for service by mail of all legal papers other than original process. Pa.R.C.P. 440(a)(1)(i). Despite [Appellants'] contention to the contrary, this case's original process was the Praecipe for Summons and Summons in Civil Action, which was properly served by a sheriff in February 2014. Thus, the Complaint in this case was subsequent to original process, and was properly mailed under Rule 440.
>
> At the June 1, 2015, hearing, [Appellants] argued that *Clymire v. McKivitz*, 504 A.2d 937 (Pa. Super. 1986) "indicate[s] that when the complaint is not served on the defendant, that is a basis for striking a default judgment." *Hearing transcript 5:24-6:1*. However, *Clymire* actually supports Plaintiff's position. In *Clymire*, the suit was initiated against three defendants via writ of summons, and a default judgment was entered against one such defendant, David McKivitz, who did not answer the complaint. *Id*. at 937-938. Mr. McKivitz ultimately succeeded in striking the default judgment, as the Superior Court held "[t]he record in this case does not disclose that the complaint was ever served upon David McKivitz." *Id*. at 939. Crucially, this sentence in the Superior Court's opinion was followed by a footnote, which read:
>
>> The manner of service is established by Pa.R.C.P. 1027 as follows:
>>
>>> A party filing a pleading, other than a complaint by which an action is commenced or a complaint used as alternative process as provided by Rule 1010(e), shall forthwith serve it on every other party
>>>
>>>> (1) by leaving a copy for or mailing a copy to him at the address endorsed on an appearance or prior pleading of the party, but *if there is no such endorsement, then*
>>>>
>>>> (2) *by leaving a copy for or mailing a copy to him at the residence or place of business of the*

> *party* or the address of the party's attorney of record, but if there is no such residence or place of business and no attorney of record, then
>
> (3) by leaving a copy for him with the prothonotary of the court in which the action was commenced for the use of the other party. (emphasis added).

*Id*. at 940 n.3. Rule 1027 was replaced by Rule 440, and thus *Clymire* acknowledges that when a suit has been initiated by summons, service of the subsequent complaint is governed by Rule 440.

Trial Court Opinion, 12/16/15, at 4–5. Accordingly, Appellants' claim that they were not properly served notice is without merit. **See SmithKline Beecham Corp. v. Stop Huntingdon Animal Cruelty USA**, 959 A.2d 352, 360 (Pa. Super. 2008) ("Pennsylvania Rule of Civil Procedure 440(a)(2)(i) states that, where an individual is not represented by an attorney [. . .] 'service shall be made by ... leaving a copy for the party at ... the residence or place of business of the party.'").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2016