J. A12039/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WILLIAM TRIMBLE, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 1320 EDA 2017 |
| CHRISTOPHER RODRIGUEZ AND | : | |
| BONNIE RODRIGUEZ | : | |

Appeal from the Order Entered April 20, 2017,
in the Court of Common Pleas of Pike County
Civil Division at No. 856-2013-Civil

BEFORE:  BOWES, J., OTT, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 16, 2018**

William Trimble ("appellant") appeals from the April 20, 2017 order entered by the Court of Common Pleas of Pike County denying appellant's motion to strike **pro forma** dismissal and reopen matter.  After careful review, we reverse and remand for further proceedings consistent with this memorandum.

The trial court provided the following synopsis of the relevant facts:

> On December 30, 2016, the Pike County Court Administrator, issued a Notice identifying all pending matters which, pursuant to Pennsylvania Rule of Civil Procedure 230.2,[1] would be dismissed for inactivity unless a request for a hearing on the matter was timely made.

---

[1] The notice issued by the Pike County court administrator was sent pursuant to Pike County Local Rule 230.2.

> Approximately thirty (30) days later, Defendants Christopher and Bonnie Rodriguez [("appellees")] filed a Motion to Compel Plaintiff's Responses to Supplemental Interrogatories and Request for Production of Documents ("Motion to Compel"). This Court issued a Rule Returnable for Answer in twenty (20) days ("Rule Returnable") on January 31, 2017. Appellant filed an Answer to the Motion to Compel on February 22, 2017.
>
> On April 10, 2017, [appellees] filed a Petition for Oral Argument and on April 13, 2017, this Court issued an Order indicating that the matter had been closed since December 30, 2016, due to inactivity and vacating the Rule Returnable issued on January 31, 2017. On April 18, 2017, [a]ppellant filed a Motion to Strike Pro Forma Dismissal and Reopen Matter ("Motion to Strike"), claiming neither [a]ppellant nor [a]ppellant's counsel received notice of dismissal for inactivity.
>
> On April 20, 2017, this Court issued an Order denying [a]ppellant's Motion to Strike, citing Pennsylvania Rule of Civil Procedure 230.2. Appellant filed a Notice of Appeal on April 21, 2017, and was ordered to file and serve a Concise Statement of Matters Complained of on Appeal ("Concise Statement") three (3) days later. Appellant filed a Concise Statement on May 15, 2017, and [appellees] filed a Response to [appellant's] Statement of Matters Complained of on Appeal on May 25, 2017.

Trial court opinion, 6/6/17 at 1-2. The trial court filed an opinion pursuant to

Pa.R.A.P. 1925(a) on June 6, 2017.

Appellant raises the following issue for our review:

> Did the trial court abuse its discretion or commit errors of law in (a) refusing to conduct a hearing or other fact-finding to determine if notice of the proposed termination of the underlying action and notice of the actual order terminating the action were properly served in accordance with relevant rules, where there is no indication in the record that they

were; and (b) refusing to reinstate the action in light of the peculiar procedural facts of this case and where the plaintiff's request for reinstatement was made immediately upon discovering that the matter had been terminated?

Appellant's brief at 4.

Before addressing appellant's issue on appeal on its merits, we must first note that at the time the trial court dismissed appellant's case on December 30, 2016, Pennsylvania Rule of Civil Procedure 230.2 was suspended pursuant to a **per curiam** order entered April 23, 2014 by our supreme court.[2] The order, however, indicated that trial courts may administratively purge dormant civil matters pursuant to Pennsylvania Rule of Judicial Administration 1901. Accordingly, our standard of review is as follows:

> The question of whether an action has been properly terminated pursuant to Pa.R.J.A. 1901, or its local rule counterpart, rests within the discretion of the trial court and will not be disturbed absent an abuse of that discretion or an error of law. **Jacobs v. Halloran**, [], 710 A.2d 1098, 1101 (Pa. 1998) (whether **non pros** was properly granted for plaintiff's failure to prosecute his action within a reasonable period of time rests within the discretion of the trial court); **Shope v. Eagle**, [], 710 A.2d 1104, 1105 (Pa. 1998) (applying the abuse of discretion standard set forth in **Jacobs**, **supra**, where complaint dismissed pursuant to Pa.R.J.A. 1901); **Marino v. Hackman**, [], 710 A.2d 1108, 1110 n.4 (Pa. 1998) (same); **Samaras v. Hartwick**, 698 A.2d 71, 72 (Pa.Super. 1997).

---

[2] Rule 230.2 was reinstated on December 31, 2016.

***Tucker v. Ellwood Quality Steels Co.***, 802 A.2d 663, 664-665 (Pa.Super. 2002), quoting ***Setty v. Knepp***, 722 A.2d 1099, 1101 (Pa.Super. 1998).

Pennsylvania Rule of Judicial Administration 1901, in relevant part, requires a trial court to enter an appropriate order terminating a case, ***sua sponte***, after a case "has been inactive for an unreasonable period of time." Pa.R.J.A. 1901(a). Rule 1901 also provides the following minimum requirements for terminating a case:

> **(c)** **Minimum Standards.** Before any order terminating a matter on the ground of unreasonable inactivity is entered, the parties shall be given at least 30 days' written notice of opportunity for hearing on such proposed termination, which notice shall be given:
>
> (1) In person or by mail to the last address of record of the parties or their counsel of record and setting forth a brief identification of the matter to be terminated; or
>
> (2) By publication in the manner provided by rule of court in the legal newspaper designated by rule of court for the publication of legal notices in any case where notice by mail cannot be given or has been returned undelivered or where the docket of the matter shows no evidence of activity during the previous two years. Any matter terminated after notice by publication pursuant to this paragraph may be reinstated by the court after dismissal upon written application for good cause shown.

Pa.R.J.A. 1901(c).

Finally, Rule 1901 directs each court of common pleas to implement local rules of court pursuant to Rule 1901. Pa.R.J.A. 1901(b)(1). The Pike County Local Rules of Court provide, in relevant part:

### Rule 230.2. Termination of Inactive Cases

**(a)** At the direction of the Court Administrator, the Prothonotary shall create a list of all civil matters in which no steps or proceedings have been taken for two years or more prior thereto.

Upon creation of the list the Court Administrator shall serve notice to counsel of record and to the parties for whom no appearance has been entered, as provided by Pa.R.C.P. 230.2(2).

**(b)** Parties receiving notice of the proposed termination of their case, as described in paragraph (a) may file a Statement of Intention to Proceed. The Statement of Intention to Proceed shall be filed with the Prothonotary within sixty (60) days from the date the Notice of Proposed Termination is filed. A copy of the Statement of Intention to Proceed shall be served upon the Court Administrator and the opposing party, or counsel, if represented.

**(c)** If no Statement of Intention to Proceed is filed within sixty (60) days of the Notice of Proposed Termination, the Prothonotary shall enter an order as of course, terminating the matter with prejudice for failure to prosecute.

Pa.R. Pike Cty. Civ. Rule 230.2(a)-(c).

We now turn to appellant's contention that the trial court erred when it refused to conduct an evidentiary hearing to determine if notice of the proposed termination of the underlying action and notice of the order dismissing this case were properly served in accordance with the relevant

rules of civil procedure and judicial administration. On appeal, appellant makes the following argument:

> Although the Notice of Proposed Termination references the plaintiff's counsel's mailing address, it is submitted that correspondence between the court and local attorneys (including proposed termination notices, which issue at regular intervals) is almost always conducted via inter-office mailboxes in the Pike County Courthouse, and based on informal, off-record communication with Pike County's Office of Court Administration, it is believed and therefore averred that if the trial court had held an evidentiary hearing on the plaintiff's motion requesting reinstatement, the relevant member of Court Administration's staff would have testified under oath that the common practice was to deliver proposed termination notices to local counsel via their inter-office boxes . . . .

Appellant's brief at 10-11. In raising this argument, appellant cites to **Kane v. Vigunas**, 967 A.2d 987 (Pa.Super. 2009), **appeal denied**, 981 A.2d 220 (Pa. 2009). In **Kane**, this court held that serving notice via an inter-office mailbox was not sufficient notice pursuant to Pa.R.Civ.P. 230.2,[3] thereby reversing the trial court's denial of Darryl Kane's petition to reinstate action that had been terminated due to inactivity. **Kane**, 967 A.2d at 994.

In its Rule 1925(a) opinion, the trial court cited to case law referencing the mailbox rule, and found that appellant is unable to overcome the mailbox rule's presumption of receipt.

---

[3] While Pa.R.Civ.P. 230.2 was suspended when this case was terminated, both Pa.R.J.A. 1901 and Pike County Local Rule 230.2 contained virtually identical language.

The mailbox rule provides that "depositing in the post office a properly addressed prepaid letter raises a natural presumption, founded in common experience, that it reached its destination by due course of mail." ***Jensen v. McCorkell***, [], 26 A. 366, 367 (Pa. 1893) (citation omitted). As the Pennsylvania Supreme Court noted: "The overwhelming weight of statistics clearly indicates that letters properly mailed and deposited in the post office are received by the addressees. ***Meierdierck v. Miller***, [], 147 A.2d 406, 408 (Pa. 1959). Thus, "[e]vidence that a letter has been mailed will ordinarily be sufficient to permit a [fact finder] to find that the letter was in fact received by the party to whom it was addressed." ***Shafer v. A. I. T. S., Inc.***, [], 428 A.2d 152, 156 (Pa.Super. 1981) (citations omitted).

However, "evidence of actual mailing is not required." ***Commonwealth, Dep't of Transp. v. Brayman Constr. Corp.***, [], 513 A.2d 562, 566 (Pa.Cmwlth. 1986)[]. The Superior Court has held that "when a letter has been written and signed in the usual course of business and placed in the regular place of mailing, evidence of the custom of the establishment as to the mailing of such letters is receivable as evidence that it was duly mailed." ***Christie v. Open Pantry Food Marts Inc. of Delaware Valley***, [], 352 A.2d 165, 166-167 (Pa.Super. 1975) (citation omitted). To trigger the presumption of receipt, "the party who is seeking the benefit of the presumption must adduce evidentiary proof that the letter was signed in the usual course of business **and** placed in the regular place of mailing." ***Geise v. Nationwide Life & Annuity Co. of America***, 939 A.2d 409, 423 (Pa.Super. 2007) (emphasis added); ***Shafer***, 428 A.2d at 156. "A presumption that a letter was received cannot be based on a presumption that the letter was mailed. A presumption cannot be based on a presumption." ***Geise***, 939 A.2d at 423 (citations omitted). Documentary evidence of mailing or testimony from the author that a document was mailed may establish the presumption of receipt. ***See*** [***Commonwealth, Dep't of Transp. v. Grasse***, 606 A.2d 544, 546 (Pa.Super. 1992)] (holding appellees

> met burden of proof of mailing by producing certified driving record which included document showing notice was mailed; *cf. Meierdierck*, [], 147 A.2d at 408 (holding that "[w]here the use of the mails as a means of acceptance is authorized or implied from the surrounding circumstances, the acceptance is complete by posting the letter in normal mail channels, without more.").

*Szymanski v. Dotey*, 52 A.3d 289, 292-293 (Pa.Super. 2012) (emphasis in original).

In *Szymanski*, the Civil Court Administrator testified that she was the author of a trial notice to be sent to David Szymanski, the appellant in the case. *Id.* at 293. The Court Administrator did not testify "that she placed the notice in her office's usual place for outgoing mail, nor did she testify that she or any other employee mailed it via any method of mailing." *Id.* Moreover, the trial court in *Szymanski* found that the record did not reflect any documentary evidence indicating that the trial notice was mailed. In *Commonwealth v. Thomas*, 814 A.2d 754, 759 (Pa.Super. 2002), this court found that testimony regarding the general practice of mailing hearing notices was not sufficient to establish the mailbox rule's presumption of receipt. The record also did not reflect any documentary evidence that the notice was mailed. *Id.* at 760.

Here, the trial court specifically found that "[t]he record indicates that a Notice of Proposed Termination of Court Case was sent to each attorney of record in the above-captioned matter on September 30, 2016." (Trial court opinion, 6/6/17 at 5.) The trial court further concluded that "the Proposed

Termination Notice contained in the record is sufficient to raise the rebuttable presumption that it was properly mailed to each attorney of record on or about September 30, 2016, and received." (***Id.*** at 6.) The trial court also "note[d] that the Proposed Termination Notice contains the names and mailing addresses of both attorneys of record, a clear indication that the Proposed Termination Notice was mailed. (***Id.*** at 7.)

The record before us does not support the trial court's findings. A notice of proposed termination of court case dated September 30, 2016, is located within the record; however, the document does not have a corresponding entry in the docket. Moreover, the notice does not facially reflect that it was mailed to appellant's counsel, and no certificate of service is included. While the trial court is correct in its observation that each attorney's name and mailing address is included on the termination notice, the inclusion of such information does not automatically trigger a presumption that the notice was mailed. Indeed, appellant's counsel's name and mailing address appeared on the notice in the following context:

> **NOTICE OF PROPOSED TERMINATION OF COURT CASE**
>
> **To Movant or Counsel if represented:**
>
> **Thomas E. Mincer, Esquire**
> **106 W High Street**
> **Milford, PA 18337**
>
> **Copy of this Notice was sent to the Opposing Party or Counsel if represented:**

> **Benjamin A. Nicolosi, Esquire**
> **PO Box 3118**
> **Scranton, PA 18505**
>
> **Re: William Trimble v. . . .**

Notice of proposed termination of court case, 9/30/16 (bold type in original). Taken in this context, it is impossible to determine whether this notice was mailed, personally handed to Mr. Mincer, or placed in an inter-office mailbox as Mr. Mincer avers. (*See* appellant's brief at 10-11.) Further, unlike with other orders of court throughout the case, there is no entry on the docket reflecting that a copy of the notice had been mailed to the parties.

Accordingly, we find that the trial court abused its discretion when it declined to conduct a hearing or other fact-finding to determine if the notice of proposed termination was properly served. We therefore reverse the trial court's April 20, 2017 order denying appellant's motion to strike, and remand for the trial court to conduct an evidentiary hearing as to whether the notice of proposed termination was properly served.

Order reversed. Case remanded. Jurisdiction relinquished.

Ott, J. joins this Memorandum.

Bowes, J. files a Concurring and Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/16/18</u>