Anaja SETTY & Laksman Setty, Appellants,

v.

Donald KNEPP & Jones Express, Appellees.

Superior Court of Pennsylvania.

Argued Oct. 21, 1998.

Filed Dec. 31, 1998.

Robert C. Houpt, Paoli, for appellees.

Before POPOVICH, HUDOCK, JJ. and CERCONE, President Judge Emeritus.

POPOVICH, J.:

This is an appeal from the order entered in the Court of Common Pleas of Montgomery County on March 2, 1998, which denied appellants' petition to reinstate their complaint. Herein, appellants question: 1) "Under equitable principles, should not a case be reinstated when dismissed by the prothonotary under a local rule on [November 11, 1996] for lack of activity when off docket activity took place on [August 18, 1995], less than two years [prior to dismissal], absent prejudice to the [appellees], who had not moved the case for non pros?"; and 2) "Should not a client's case be reinstated when dismissed with only attempted, but not actual, notice to the attorney of record, an uninsured solo practitioner, nor notice to the client?" Appellants' Brief, p. 4. Upon review, we find that the lower court abused its discretion when it refused to reinstate appellants' complaint. Accordingly, we reverse and remand for proceedings in accordance with the provisions of this opinion.

Presently, appellants' complaint was dismissed pursuant to Montgomery County Local Rule 406, which is the local version of Pa.R.J.A.1901 which, in pertinent part, provides:

(a) **General Policy.** It is the policy of the unified judicial system to bring each p ending matter to a final conclusion as promptly as possible consistently with the character of the matter and the resources of the system. Where a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an appropriate order terminating the matter.

(b) **Primary Responsibility for Implementation of Policy.** (1) Each court of common pleas is primarily responsible for the implementation of the policy expressed in subdivision (a) of this rule and is directed to make local rules of court for such purposes applicable to the court and to the community court or district justices of the peace of the judicial district.

\* \* \*

(c) **Minimum Standards.** Before any order terminating a matter on the ground of unreasonable inactivity is entered, the parties shall be given at least 30 days' written notice of opportunity for hearing on such proposed termination, which notice shall be given:

(1) In person or by mail to the last address of record of the parties or their counsel of record and setting forth a brief identification of the matter to be terminated; or

(2) By publication in the manner provided by rule of court in the legal newspaper designated by rule of court for the publication of legal notices in any case where notice by mail cannot be given or has been returned undelivered or, where the docket of the matter shows no evidence of activity during the previous two years. Any matter terminated after notice by publication pursuant to this paragraph may be reinstated by the court after dismissal upon written application for good cause shown.

Presently, the lower court heard argument upon appellants' petition to reinstate their complaint and reviewed appellants' petition, appellees' answer and their respective memoranda.[1] Thereafter, the lower court set forth the procedural history of the case as follows:

This is the appeal of Plaintiffs, Vanaja P. Setty and Laksman Setty, from the court's final order of March 2, 1998 denying their petition to reinstate the complaint. The case commenced in August, 1994, when Plaintiffs filed the instant action against Defendants, Donald J. Knepp & Jones Express, for personal injuries they claimed

---

1. We note that the lower court did not conduct an evidentiary hearing in this matter, but apparently accepted the factual averments in appellants' petition.

resulted from a motor vehicle accident caused by Defendants on October 8, 1992. Plaintiffs at all times were represented by counsel. Because no activity occurred on the docket for more than two years, on September 23, 1996, the prothonotary sent Plaintiffs' counsel a notice of intent to terminate the action for lack of docket activity pursuant to Montgomery County Local Rule 406. Unfortunately, at the time the notice was sent, Plaintiffs' counsel had moved his office and had not complied with Montgomery County Local Rule 1012(c) requiring him to notify the Court Administrator of a change of address. No activity status certificate having been filed, the case was terminated on November 19, 1996 and removed from active files on January 13, 1997.

On February 28, 1997, counsel was advised by the referring attorney, whom Plaintiffs had consulted to learn the status of their case, that it had been terminated. On March 20, 1997, the instant petition to reinstate the case was filed, to which Defendants filed a response. The court denied the petition, and Plaintiffs file this timely appeal.

Trial Court Opinion, pp.1–2.

■ The question of whether an action has been properly terminated pursuant to Pa. R.J.A.1901, or its local rule counterpart, rests within the discretion of the trial court and will not be disturbed absent an abuse of that discretion or an error of law. *Jacobs v. Halloran*, 551 Pa. 350, ——, 710 A.2d 1098, 1101 (1998) (whether non pros was properly granted for plaintiff's failure to prosecute his action within a reasonable period of time rests within the discretion of the trial court); *Shope v. Eagle*, 551 Pa. 360, ——, 710 A.2d 1104, 1105 (1998) (applying abuse of discretion standard set forth in *Jacobs, supra*, where complaint dismissed pursuant to Pa. R.J.A.1901); *Marino v. Hackman*, 551 Pa. 369, —— n. 4, 710 A.2d 1108, 1110 n. 4 (1998) (same); *Samaras v. Hartwick*, 698 A.2d 71, 72 (Pa.Super.1997).

Once a case has been terminated pursuant to local rule enacted pursuant to Pa. R.J.A.1901, the burden rests upon the former plaintiff to demonstrate that there is "good cause" for reactivating the case. In order to successfully set aside the termination of an action, the aggrieved party must demonstrate that: (1) the petition for reactivation was timely filed; (2) a reasonable explanation exists for the docket inactivity; and (3) facts exist supporting a meritorious cause of action. *Clinger [v. Tilley]*, 423 Pa.Super. at 123–25, 620 A.2d at 531.

*Samaras*, 698 A.2d at 71; *see also Matusow v. Zieger*, 702 A.2d 1126, 1129 (Pa.Cmwlth. 1997).

Upon application of the "good cause" standard to the procedural facts of this case, the lower court stated:

Plaintiffs' counsel argues that as he did not know the case had actually been terminated until late February, 1997, when the attorney who referred the case communicated this fact to him, the reinstatement request filed within one month from that time can be considered timely filed. Absent any record evidence that sufficient notice of the imminent termination was not provided by the trial court and that counsel was unaware of the termination due only to his own neglect, Plaintiffs have not shown that the petition filed four months after the termination was timely.

Trial Court Opinion, p. 2.

Our review of the facts and relevant case law reveals that the lower court's reasoning was faulty. As set forth in *Stringer v. Kaytes*, 286 Pa.Super. 551, 429 A.2d 660 (Pa.Super.1981):

In those cases, such as the one *sub judice*, where the requisite notice has not been provided, we believe the most reasonable procedure is to decide the question of the promptness of the petition on the basis of the date when the plaintiff received actual notice, either from the prothonotary or otherwise, of the dismissal of the action. If the court determines that under the circumstances the petition to reinstate has been timely filed, then it should proceed to determine whether the other two conditions necessary to demonstrate good cause have been shown. Instantly, as noted earlier, the lower court deemed it unnecessary to reach the question of whether the condi-

tions set forth in the *International Telephone [v. Philadelphia Elec. Co.,* 250 Pa.Super. 378, 378 A.2d 986 (Pa.Super.1977) ] case for establishing good cause had been satisfied. As stated above, we find this to be error. *It is our conclusion that the court below must decide whether plaintiff has satisfied those conditions, bearing in mind that the question of the timeliness of the petition to reinstate must be measured from the date plaintiff first actually learned that her action had been dismissed.*

*Stringer,* 429 A.2d at 663 (emphasis added; footnotes omitted); *Matusow,* 702 A.2d at 1126; *see also Martin v. Grandview Hospital,* 373 Pa.Super. 369, 541 A.2d 361, 364 (Pa.Super.1988).

Presently, notice of the proposed termination was sent to the former office of appellants' counsel.[2] Apparently, it is undisputed that counsel did not receive this notice because his address had changed, and he had failed to provide the court administrator with his new address in violation of Montgomery County Local Rule 1012(c). The lower court reasoned that appellants had failed to demonstrate that sufficient notice was not provided because it was their counsel's own neglect which cause their lack of knowledge of the pending termination. Therefore, the lower court found that appellants' petition to reinstate, which was filed approximately four months after the case was terminated, was not filed in a timely manner. Accordingly, the lower court dismissed appellants' petition to reinstate.

 We find that lower court's decision was erroneous because it failed to account for our long-standing holding that "[w]here the plaintiff does not receive notice of the pending termination, the question of timeliness is resolved by looking to 'the date when the plaintiff received *actual notice,* either from the prothonotary or otherwise, of the dismissal of the action.'" *Martin,* 541 A.2d at 364, quoting *Stringer,* 429 A.2d at 663. Since the notice could not be properly delivered to

counsel's former address, we presume it was returned to the court as "undelivered." In such a situation, the court must then provide notice by publication in the legal newspaper designed by local rule. Pa.R.J.A.1901(c)(2). Montgomery County Local Rule 406 must meet these minimum procedural standards of Pa.R.J.A.1901 before a complaint may be dismissed for inactivity. *Samaras,* 698 A.2d at 72. Presently, there is no indication in the record that appellants' were provided notice by publication. Rather, the record suggests, as found by the lower court, that appellants' counsel did not learn of the case's dismissal until late February of 1997, when the referring counsel advised present counsel that the case had been terminated on November 19, 1996.[3]

Since there is no evidence in the record to suggest that appellants or their counsel had *actual notice* of the termination until late February of 1997, the correct question before the lower court was whether the petition to reinstate was timely filed in light of the date of actual notice, February 28, 1997, not whether the petition was timely in relation to the date of termination, November 19, 1996. This was precisely the holding of the Commonwealth Court in *Matusow, supra,* based upon almost identical facts. Therein, the Montgomery County Court mailed its notice to terminate pursuant to Local Rule 406 to plaintiff's counsel's address of record. Unfortunately, the notice was returned "undelivered" because counsel had moved his office without notifying the court administrator in violation of Local Rule 1012. The court did not then provide notice via publication in violation of Pa.R.J.A.1901(c)(2). Nevertheless, the court dismissed the action. Thirty months after the dismissal, but "immediately" after learning the case had been dismissed, counsel filed a petition to reinstate the complaint. Based on those facts, the Commonwealth Court stated:

> Rule 1901 provides that when the mailed notice is returned undelivered, the Prothonotary must give notice by publication in a

---

**2.** We note that a copy of the notice does not appear in the record, although the docket does indicate that a "notice to terminate" was sent on September 23, 1996, and the case was terminated on November 19, 1996.

**3.** Appellants assert that counsel did not learn that the case was dismissed until February 28, 1997, when the referral attorney informed counsel that he had received a letter from defense counsel concerning the termination.

legal newspaper. Because anyone who has filed a legal action has the obligation to monitor where legal notices are published, notice of publication avoids having to determine why the mailed notice was returned.... *Because the failure to notify the court of a change of address does not act to impute notice, and the Motion to Reinstate was filed "immediately" after they had actual notice, it was timely filed.*

*Matusow*, 702 A.2d at 1130 (emphasis added).

Similarly, we find that the lower court should have determined whether the petition to reinstate was filed in a timely manner based upon the date of actual notice, February 28, 1997, despite counsel's failure to advise the court of his change of address.[4]

Accordingly, we find that lower court erred when it dismissed appellants' petition to reinstate as untimely, and we reverse the order denying appellants' request for reinstatement of their complaint. However, this does not mean that appellants' complaint must be reinstated. Rather, upon remand, the lower court must first address the correct question: whether the petition to reinstate, filed less than one month after actual notice, was timely. If the court determines the petition was timely, then it must decide whether a reasonable explanation exists for the delay in prosecution of the action and whether facts exist which support a meritorious cause of action. *Marino*, 710 A.2d at 1110; *Matusow*, 702 A.2d at 1129. Only if all three questions are answered in the affirmative should appellants' complaint be reinstated.

Order reversed. Case remanded for proceedings consistent with the provisions of this opinion. Jurisdiction relinquished.

---

**4.** The present case is readily distinguished from the case of *Clinger v. Tilley*, 423 Pa.Super. 121, 620 A.2d 529 (Pa.Super.1993), which appellees cite. Therein, the plaintiff was provided notice of the intent to terminate her case via publication in accordance with Pa.R.J.A.1901(c)(2). We affirmed the lower court's decision that the petition to reinstate was not timely filed where it was filed eight days after counsel learned of the dismissal, but more than two and one-half years after notice was published and the case was terminated. We ruled that counsel's failure to read the legal newspaper for the court in which the case was pending did not excuse plaintiff's failure to file a timely reply to the notice to terminate. *Clinger*, 620 A.2d at 532. Herein, appellants did not receive the benefit of notice by publication, and therefore, they did not receive actual notice of the termination until one month before filing of their petition to reinstate.