BLD-106                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4037
_____

JANICE A. BULLOCK,
                                        Appellant

v.

SLOANE TOYOTA INC, ET AL. a/k/a RGS INC.; LEXUS, ET AL.; JOSHUA BAKER,
ET AL; DELTA COMMUNITY SUPPORTS INC., THEIR AGENTS
CONTRACTORS, ET AL.; JOSEPH J. AVESA, ESQUIRE, AVERSA & LINN, P.C.,
ET AL.; JOSEPH CHAIKEN & ASSOCIATES, P.C.; JERRY LYONS, ESQUIRE, ET
AL; FINCOURT B. SHELTON, ESQUIRE; CITY OF PHILADELPHIA COURT, CCP;
LEE BELFER, ESQUIRE, ET AL; MARGARET E. WENKE, ESQ. AND CONNOR,
WEBER, OBERLIES, P.C.; MICHAEL S. MIKULSKI; CHRISTOPHER B. SESSA,
ESQUIRE; GERMAN, GALLAGHER & MURTAGH AND GARY R.
GREMMINGER, ET AL; PETER A. DUNN, ESQUIRE; DAVID S. WOLF, ESQUIRE,
ET AL; MARK F. MACDONALD, ESQUIRE; BRADLEY W. WILLIAMSON,
ESQUIRE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 10-cv-04196)
District Judge:  Honorable Lawrence F. Stengel
_____

**February 3, 2011**
Submitted for Possible Dismissal Due to Jurisdictional Defect, or
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

Before:  SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

( filed:   March 2, 2011   )
_____

OPINION

PER CURIAM

Pro se appellant Janice Bullock appeals the District Court's dismissal of her complaint under 28 U.S.C. § 1915(e). We have jurisdiction under 28 U.S.C. § 1291[1] and exercise plenary review over the District Court's order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Because this appeal presents no substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Bullock's action comes on the heels of state proceedings that ended unhappily for her. She alleges that she was severely injured in a car accident, and thereafter filed suit in the Philadelphia County Court of Common Pleas. According to Bullock, her attorney settled the case without her authorization, and on February 23, 2006, the case was marked settled, discontinued, and ended. When she learned that this had occurred, Bullock claims, she filed a motion to set aside the settlement and reopen the case. The state court denied her motion, and the Superior Court quashed Bullock's subsequent appeal.

Bullock then filed a complaint in the District Court. She has named as defendants a variety of parties, including the defendants in the original state-court action, her

---

[1] Although Bullock's notice of appeal was filed more than 30 days after the District Court's order, her appeal is nevertheless timely because the Court's order explains in full its reasons for denying Bullock's motion, and is thus not a separate judgment under Rule 58(a) of the Federal Rules of Civil Procedure. Accordingly, the judgment is deemed "entered," for purposes of Federal Rule of Appellate Procedure 4(a) on the date when "150 days have run from entry of the order in the civil docket." Fed. R. App. P. 4(a)(7)(A)(ii). Bullock's appeal was filed within that 150-day period, and we can

2

attorney in that action, and the Court of Common Pleas itself. The precise dimensions of the claims that she has asserted are unclear. At bottom, she seeks to have her personal-injury claims considered by a jury.

The District Court dismissed Bullock's complaint pursuant to § 1915(e). The Court concluded that, on the basis of the Rooker-Feldman doctrine, it lacked subject-matter jurisdiction. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Bullock then filed this appeal.

As noted, Bullock's legal claims are somewhat opaque. To the extent that Bullock asked the District Court simply to overrule the order of the Court of Common Pleas denying her motion to set aside the settlement agreement, we agree with the District Court that the claim is barred by the Rooker-Feldman doctrine. That doctrine deprives federal courts of subject matter jurisdiction over claims when "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments. Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). While this doctrine is "narrow," id. at 169, it encompasses at least some aspects of Bullock's complaint. Bullock was unsuccessful in her efforts to have the settlement set

therefore entertain it. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 n.5 (3d Cir. 2007).

3

aside[2]; she argues that by enforcing the settlement, the state court abridged her right to a jury trial; the state-court order preceded the federal action; and she is explicitly requesting that the federal courts reject the state court's disposition of the case. Accordingly, this claim is barred by the Rooker-Feldman doctrine.

Bullock's complaint may be read to assert alternative claims. For instance, Bullock may be seeking to prosecute her action anew in federal court, notwithstanding the state court's judgment. Such a claim is not barred by the Rooker-Feldman doctrine. See Great W. Mining & Mineral Co., 615 F.3d at 169. It is, however, barred by the doctrine of res judicata. See Gleash v. Yuswak, 308 F.3d 758, 760 (7th Cir. 2002) (concluding that court may raise res judicata on own initiative when its applicability is plain). Under Pennsylvania law, which governs the inquiry, see McCarter v. Mitcham, 883 F.2d 196, 199 (3d Cir. 1989), "[a]ny final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action," Balent v. City of Wilkes-Barre, 669 A.2d 309, 313 (Pa. 1995). Bullock makes no attempt to differentiate this action from her proceeding in state court; to the contrary, she is intentionally asserting the same claims arising out of her car accident. Although only court-approved settlements are entitled to res judicata effect, the state court's refusal here to set aside the settlement suffices. See Bearoff v. Bearoff

---

[2] We have held that a state court's order approving a settlement agreement can be the type of state judgment that is subject to the Rooker-Feldman doctrine, see In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig., 134 F.3d 133, 143 (3d Cir. 1998), and we see no meaningful difference between such an order and the order at issue here.

Bros., Inc., 327 A.2d 72, 75 & n.1 (Pa. 1974); cf. Setty v. Knepp, 722 A.2d 1099, 1101 (Pa. Super. Ct. 1998) (concluding that trial court's order refusing to reinstate action constituted a final order). Thus, the state court's resolution of Bullock's personal-injury action prevents her from relitigating it in federal court.[3]

Finally, Bullock's complaint can be read to assert a professional-malpractice claim against her attorney, who allegedly entered into a settlement agreement without her consent. See generally Rothman v. Fillette, 469 A.2d 543, 545-46 (Pa. 1983) (addressing claim that lawyer had settled case without client's authorization). (Bullock makes no similar allegations of wrongdoing against other defendants.) However, while Bullock seems to present her claim as arising under 42 U.S.C. § 1983, she has not set forth any facts to demonstrate that her attorney was a state actor or acted under color of state law, as is required under § 1983. See Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993). Further, the complaint states that both Bullock and her attorney are Pennsylvania residents, which precludes this Court from exercising diversity jurisdiction over a state-law malpractice claim. See generally 28 U.S.C. § 1332. This claim, therefore, also fails in federal court as a matter of law.

Accordingly, we conclude that there is no substantial question presented by this appeal, and will thus summarily affirm the District Court's order dismissing Bullock's complaint. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6

---

[3] We note that we may affirm the District Court's judgment on any ground supported by the record. United States v. Sanchez, 562 F.3d 275, 279 (3d Cir. 2009).