J-S36033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RONALD WHEELER, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| PENNSYLVANIA DEPARTMENT OF CORRECTIONS, | |
| Appellee | No. 1558 MDA 2015 |

Appeal from the Order Entered August 5, 2015
In the Court of Common Pleas of Cumberland County
Civil Division at No(s): 00-6115 Civil Term

BEFORE:  MUNDY, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:               **FILED APRIL 20, 2016**

Appellant Ronald Wheeler appeals, *pro se*, the order entered in the

Court of Common pleas of Cumberland County on August 5, 2015, by the

Honorable Albert H. Masland denying his Petition to Reinstate Cause of

action against Appellee the Pennsylvania Department of Corrections.[1]  We

affirm.

_____

[1] Because Appellant has instituted this lawsuit against an entity of the
Commonwealth, the Pennsylvania Department of Corrections, it is not clear
that this Court, as opposed to the Commonwealth Court, has subject matter
jurisdiction over this appeal. However, because the Department of
Corrections has not objected to our jurisdiction, we may decide this appeal.
**See** Pa.R.A.P. 741(a) ("The failure of an appellee to file an objection to the
jurisdiction of an appellate court on or prior to the last day under these rules
for the filing of the record shall, unless the appellate court shall otherwise
order, operate to perfect the appellate jurisdiction of such appellate court,
*(Footnote Continued Next Page)*

*Former Justice specially assigned to the Superior Court.

The trial court set forth the relevant procedural history herein as follows:

> At all relevant times to this litigation, [Appellant] has been incarcerated in State Correctional Institutions. He initiated this case in 2000 by a Complaint, followed by an Amended Complaint in 2003 wherein he alleged [Appellee] negligently mishandled his personal property resulting in that property being lost or stolen and that they violated his constitutional rights by depriving him of a prior draft of his proposed Amended Complaint.[2]
>
> Eventually, [Appellee] filed a Motion to Dismiss the Amended Complaint on the basis that he is an abusive prison litigator. The Motion was granted in part but denied in part as to the claim of negligent handling of [Appellant's] property on November 10, 2009[,] as that claim did not constitute prison conditions litigation. Ten days later, [Appellant] filed a Motion to Reconsider/Vacate Order on the basis that it "is not clear whether this Court did not receive the Motion to Supplement Complaint or if said Motion was received but denied by the Court." Motion to Reconsider/Vacate Order, filed November 20, 2009. No action was taken by the court on that filing as the purported Supplemental Complaint had been addressed and dismissed by the order of November 10, 2009[,] as "a nullity." Order of Court, filed November 10, 2009 at n.1.
>
> A review of the docket indicates that no further activity occurred in the case until October 30, 2012[,] wherein an order was entered terminating the case for inactivity after [Appellant] failed to respond to the Notice of Intention to Proceed mailed to him by the Prothonotary pursuant to Pa.R.C.P. No. 230.2 (rule subsequently suspended by Order filed April 23, 2014). Almost three years later, on July 9, 2015, [Appellant] filed a Petition to

_(Footnote Continued)_ ————————

notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court."). "It is the intention of this rule that where a case is appealed to the wrong appellate court, only the court may require transfer after the briefing schedule has commenced." _**Id.**_ (Note).

[2] Specifically, Appellant sought reimbursement in the total amount of $85.30 for the loss and/or theft of eleven packs of Newport cigarettes, one SMI Multistrike typewriter replacement ribbon, postage for the shipment of his remaining property from SCI-Smithfiled to SCI-Greene, and costs of instituting his cause of action.

Reinstate Cause of Action, the denial of which is the subject of the instant appeal.

Trial Court Opinion, filed 11/18/15, at 1-2.

On September 18, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal, and Appellant complied. In his brief, Appellant raises the following issue for our consideration:

Did trial court err/abuse its discretion in denying petition to reinstate cause of action where: 1) Appellant never received notice of intent to terminate/order of termination; 2) Docket does not show if/when either was mailed; 3) Appellant promptly moved to reinstate after learning action had been terminated; and, 4) Appellee was not prejudiced by delay?

Brief of Appellant at 1.

In support of his claim, Appellant maintains he never received either a notice of intent or an order of termination and that the certified docket fails to indicate whether either document ever had been mailed to the parties; as such, he posits the promptness of his filing of a petition to reinstate cause of action must be measured from the date he actually learned of its termination. *Id*. at 2-3 (citing **Setty v. Knepp**, 722 A.2d 1099, 1101-02 (Pa.Super. 1998). Appellant further asserts he filed his petition to reinstate on July 9, 2015, after the Prothonotary notified him in writing on June 24, 2015, that his action had been terminated. Appellant also claims he made "settlement attempts" during the period of inactivity and that Appellee has failed to show it suffered any prejudice as a result of the inactivity.

- 3 -

In 2012, Pa.R.C.P. 230.2 governed the termination of inactive cases. Thereunder, a party seeking to reinstate a terminated case more than thirty days after the matter had been terminated with prejudice needed to show:

> (i)     the petition was timely filed following the entry of the order for termination and
> (ii)    there is a reasonable explanation or a legitimate excuse for the failure to file both
> > (A)      the statement of intention to proceed prior to the entry of the order of termination on the docket and,
> > (B)      the petition to reinstate the action within thirty days after the entry of the order of termination on the docket.

Pa.R.C.P. 230.2(i), (ii) (Suspended April 23, 2014, effective immediately. Reinstated and amended Dec. 9, 2015, effective Dec. 31, 2016).  While Rule 230.2 was suspended on April 23, 2014, it remained in effect at the time the instant matter was terminated due to inactivity, but at the time Appellant filed his Petition to Reinstate, review was governed by Rule of Judicial Administration 1901.  *See* Pa.R.J.A. 1901; *see also* Pa.R.C.P. 230.2 (stating "[t]his order does not affect the trial courts' ability to proceed pursuant to Pa.R.J.A. No. 1901"). Pursuant to Rule 1901, notice of termination may be mailed to the last address of record of the parties or their counsel of record and terminated matters may be reinstated after dismissal upon written application "for good cause shown."  Pa.R.J.A. 1901(c)(1), (2).  To satisfy the good cause requirement the plaintiff is required to show that:  (1) the petition for reinstatement was timely filed, (2) a reasonable explanation exists for the docket inactivity; and (3) facts

exist supporting a meritorious cause of action. ***Setty v. Knepp***, 722 A.2d 1099, 1101 (Pa.Super. 1998).

A review of the docket herein reveals that on October 30, 2012, the date upon which the action was terminated with prejudice in accordance with PaR.C.P. 230.2, the Prothonotary indicated it had mailed a notice of the intention to proceed and no response was received. However, a copy of the notice does not appear in the record, nor is there a docket entry indicating that a copy of the "Order of Termination of Court Cases" had been mailed to Appellant on October 30, 2012. Notwithstanding, nothing in the record indicates the Notice had been returned as undeliverable.

Furthermore, a handwritten notation in ink indicating "copies mailed" followed by initials appears on the trial court's November 10, 2009, Order of Court, and a similar notation appears on each court order filed throughout this proceeding as well as on the docket. Indeed, Appellant does not challenge the receipt of the November 10, 2009, Order, and he filed a motion to reconsider/vacate it on November 20, 2009, wherein he also sought to file a supplemental complaint. Yet, this filing was Appellant's last until July 9, 2015, nearly six years after the trial court entered its November 10, 2009, order, nearly three years after the action had been terminated with prejudice on October 30, 2012, and almost fifteen years after Appellant had filed his initial complaint.

Pennsylvania Rule of Civil Procedure Rule 440(b) sets forth that "[s]ervice by mail of legal papers other than original process is complete upon mailing." Pa.R.C.P. 440(b). Further, Rule 440(b) "establishes a rebuttable presumption that the notice was received ... and shifts the burden to the recipient to prove notice was not received. Notably, testimony alone will not rebut the presumption." **Wheeler v. Red Rose Transit Authority**, 890 A.2d 1228, 1231 (Pa.Cmwlth. 2006) (internal citation omitted) (affirming trial court's denial of a petition to reinstate an action that had been terminated due to record inactivity where appellant's counsel "failed to rebut the presumption that he received the notice of termination of the case").

As noted above, after almost three years of inactivity the Prothonotary mailed Appellant a notice of intention to terminate and received no response thereto. No notation on the docket indicates the notice had been returned as undeliverable, and Appellant offers nothing more than his self-serving statements to rebut the presumption that he received the notice of termination.

Even assuming a breakdown in the court's operation resulted in Appellant's failure to receive the notice of termination, as the trial court observes, "Appellant fails to allege any legitimate reason for his own failure to remain apprised of the docket of the case he himself initiated." Trial Court Opinion, filed 11/18/15, at 3. Instead, he explains he did not act

sooner because he was awaiting a response to his offers for settlement of the matter. This reason, however, does not excuse Appellant's failure to advance and/or inquire into the status of his action.

Finally, the delay has prejudiced Appellee, for in the words of the trial court, "[t]he idea of reviving a fifteen-year-old claim for misplaced personal property is ludicrous." Trial Court Opinion, filed 11/18/15, at 3. As Appellee notes, Appellant's claim for the negligent loss of cigarettes and typewriter ribbon cassettes implicates actions by employees of Appellee at various correctional institutions, many of whom have retired or acquired other employment. Brief for Appellee at 11-12. Indeed, in his brief he fails to advance an argument that his remaining negligence claim has merit. To permit the resurrection of this matter at this juncture would not comport with Rule 1901 which directs that actions be concluded promptly. As such, we find the trial court did not abuse its discretion in denying Appellant's petition to reinstate.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/20/2016

- 7 -