J-A11027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MARTINEZ CONTRACTOR SERVICES | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MOON SITE MANAGEMENT, INC. AND ETNA CORPORATION, INC. | No. 932 MDA 2016 |

Appeal from the Order Entered May 12, 2016
In the Court of Common Pleas of Berks County
Civil Division at No(s): 13-15951

BEFORE:  SHOGAN, J., MOULTON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MOULTON, J.:         **FILED NOVEMBER 09, 2017**

Martinez Contractor Services ("Martinez Contractor") appeals from the May 12, 2016 order entered in the Berks County Court of Common Pleas denying Martinez Contractor's petition to set aside the dismissal of its case. We vacate the order and remand for further proceedings.

This case arises from a contract between Martinez Contractor and Moon Site Management, Inc. ("Moon Site") for snow removal services.  On June 28, 2013, Martinez Contractor filed a complaint alleging breach of contract against Moon Site, Moon Nurseries, Inc. ("Moon Nurseries"), and Etna Corporation,

_____

[*] Former Justice specially assigned to the Superior Court.

Inc. ("Etna").[1]   On July 22, 2013, Moon Site and Moon Nurseries filed preliminary objections.  On August 12, 2013, counsel for Martinez Contractor entered his appearance and, on the same day, responded to the preliminary objections.  On August 20, 2013, the trial court entered a partially handwritten order overruling the preliminary objections as to Moon Site and sustaining the preliminary objections as to Moon Nurseries.  The order stated that Martinez Contractor "may file an amended complaint within twenty (20) days." Amended Order, 8/30/13.  On August 30, 2013, the trial court issued an amended order for clarification, containing the same language as the previous order.  On September 23, 2013, Moon Site filed its answer.  From November 2013 to February 2014, there were several withdrawal and substitutions of counsel on behalf of Moon Site.

On February 2, 2016, the prothonotary issued a notice of proposed termination of the case.  The notice stated that "[t]he court intends to terminate this case without further notice because the docket shows no activity in the case for at least two years.  You may stop the court from terminating the case by filing a Statement of Intention to Proceed."  Notice of Proposed Termination of Court Case, 2/2/16 ("Termination Notice").   On February 17, 2016, Martinez Contractor filed a statement of intent to proceed. On March 4, 2016, the trial court scheduled a status conference for April 7, 2016, which it continued to May 11, 2016.  Counsel for Martinez Contractor

_____

[1] A review of the certified record indicates that Etna has not participated in this litigation.

failed to appear at the status conference on May 11, 2016, and the trial court dismissed the case with prejudice.

On May 20, 2016, Martinez Contractor filed a petition to set aside the dismissal. On May 31, 2016, the trial court issued an order for Moon Site and Etna to show cause within 25 days why Martinez Contractor was not entitled to the relief requested. On June 8, 2016, Martinez Contractor filed a timely notice of appeal.[2] The trial court later scheduled argument on the petition to set aside the dismissal for July 14, 2016. Following the hearing, the trial court "denied [Martinez Contractor] the relief requested."[3] Opinion, 8/26/16, at 3.

Martinez raises the following issues on appeal:

1. Is [Martinez Contractor] entitled to reinstatement of his case because the trial court did not consider [Martinez Contractor]'s inadvertent failure to attend the status conference and the three prong test to set aside the dismissal, but decided based only on the issue of lack of activity on the docket?

2. Did the trial court err in dismissing [Martinez Contractor]'s case without balancing the equitable considerations, in particular, failing to find prejudice to [Moon Site], from [Martinez Contractor]'s delay[?] The trial court also mentioned [Martinez Contractor]'s failure to file an amended complaint which [Martinez Contractor] submits was not supported by the record.

---

[2] On June 21, 2016, Moon Site filed a letter in lieu of a formal response to Martinez Contractor's petition due to Martinez Contractor having filed a notice of appeal.

[3] The present appeal was properly taken from the May 12, 2016 order dismissing the case with prejudice. Given our conclusion that the trial court erred in dismissing the case on May 12, we need not address the court's later denial of the petition to set aside that dismissal.

3. Did the trial court violate a rule of procedure when it did not grant reconsideration within thirty (30) days of the dismissal as required by [Pa.R.A.P.] 1701, if the time to file an appeal is to run from the order on reconsideration, but then held a hearing and asked Moon Site to supply the missing element of prejudice[?]

4. If the Concise Statement of Errors is not received by the prothonotary within twenty-one (21) days set forth in the trial court's order, the appellate court may raise the issue and deem the matters raised on appeal waived.

Martinez Contractor's Br. at 5-7 (internal citations and arguments omitted).

We review "whether an action has been properly terminated pursuant to Pennsylvania Rule of Judicial Administration 1901 [("Pa.R.J.A. 1901")], or its local rule counterpart," for an abuse of discretion and will not disturb a trial court's decision "absent an abuse of that discretion or an error of law." *Tucker v. Ellwood Quality Steels Co.*, 802 A.2d 663, 664 (Pa.Super. 2002) (quoting *Setty v. Knepp*, 722 A.2d 1099 (Pa.Super. 1998)).[4]

Pa.R.J.A. 1901(a) states that "[i]t is the policy of the unified judicial system to bring each pending matter to a final conclusion as promptly as possible consistently with the character of the matter and the resources of the system." Pa.R.J.A. 1901(a). "Where a matter has been inactive for an unreasonable period of time, the tribunal, on its own motion, shall enter an

---

[4] We note that while Pennsylvania Rule of Civil Procedure 230.2 provides a procedural mechanism for the termination of inactive cases, the Pennsylvania Supreme Court suspended this rule from April 2014 to December 2016. Thus, this rule was suspended during the time Martinez Contractor's case was dismissed due to inactivity. *See* Pa.R.C.P. 230.2 exp. cmt. Pa.R.J.A. 1901(a), however, remained in effect during that period.

appropriate order terminating the matter."[5] *Id.* Rule 1901(b)(1) provides

that each court of common pleas may develop its own local rule to dispose of

cases that have been inactive for more than two years.[6] Pa.R.J.A. 1901(b)(1).

Although Pa.R.J.A. 1901(c) states that the parties should receive "30 days'

written notice of opportunity for hearing," this Court has interpreted this

provision to mean that the parties must be given an opportunity to respond

---

[5] A dismissal of a case due to inactivity pursuant to Pa.R.J.A. 1901 is distinct from a judgment of *non pros*. In **Shope v. Eagle**, our Supreme Court explained:

> Although terminations pursuant to Rule 1901 and motions for *non pros* both result in the dismissal of a case for inactivity, each action has a distinct procedure.
>
> Rule 1901 is essentially an administrative tool by which the court, through the prothonotary, may rid the court dockets of stale matters that have not been discontinued by the parties. The local rules implemented thereunder are "intended to foster elimination of stale cases from the judicial system where the parties have failed to proceed and which are carried as open matters because of the failure on the part of any party to seek dismissal or otherwise to bring the matter to a conclusion." Pa.R.J.A. 1901 Note.
>
> A motion for a judgment of *non pros* is the vehicle by which a litigant asserts his or her common law right to a reasonably prompt conclusion to a case. In the companion case of **Jacobs v. Halloran**[, 710 A.2d 1098 (Pa. 1998)], also decided today, we noted that the grant of a judgment of *non pros* is based upon the equitable principle of laches, which requires that the adversary suffer harm before a case is dismissed for inactivity.

710 A.2d 1104, 1106 (Pa. 1998) (internal footnotes omitted).

[6] We note that Berks County has not enacted a local rule pursuant to Pa.R.J.A. 1901.

to the notice before termination, either orally or in writing. ***See, e.g.,*** ***Samaras v. Hartwick***, 698 A.2d 71, 72-73 (Pa.Super. 1997) (noting that local rule's notice procedure, requiring filing of "a certification of active status within 30 days" of pre-termination notice, satisfied Pa.R.J.A. 1901's "minimal procedural protections").

Martinez Contractor contends that the trial court erred in dismissing its case because it filed a statement of intent to proceed in a timely manner as required by the Termination Notice.

The Termination Notice stated:

> The court intends to terminate this case without further notice because the docket shows no activity in the case for at least two years.
>
> **You may stop the court from terminating the case by filing a Statement of Intention to Proceed**. The Statement of Intention to Proceed should be filed with the Prothonotary of the Court at:
>
> Berks County Prothonotary, 2nd Floor Courthouse, 633 Court Street, Reading, PA 19601 on or before 4/02/16
>
> IF YOU FAIL TO FILE THE REQUIRED STATEMENT OF INTENTION TO PROCEED, THE CASE WILL BE TERMINATED.

Termination Notice (full capitalization in original; other emphasis added).

On February 17, 2016, Martinez Contractor filed with the Prothonotary its statement of intent to proceed. On March 3, 2016, the trial court stated that because a statement of intent to proceed had been filed, it was scheduling a status conference for April 7, 2016, which it later continued to May 11, 2016.

Counsel for Martinez Contractor failed to appear,[7] and the trial court dismissed the case with prejudice. In its May 11, 2016 order, filed on May 12, 2016, the trial court set forth its reasons for dismissing the case, which centered on Martinez Contractor's failure to actively pursue the litigation.[8] Further, in its Rule 1925(a) opinion, the trial court explained that "it did not sanction [Martinez Contractor]'s attorney for the missed conference; it sanctioned [Martinez Contractor] for its overall lack of prosecution since 2013, its lack of compelling reasons for the delay, and the prejudice to [Moon Site]." Opinion,

_____

[7] Counsel explained that he failed to appear at the status conference due to an inadvertent failure to add the new date on his calendar. Martinez Contractor's Br. at 23.

[8] The order dismissing the case stated:

> AND NOW, this 11th day of May, 2016, it appearing that [Martinez Contractor] filed an action in 2013 by filing a civil complaint, and it further appearing that preliminary objections were filed and sustained by this Court and [Martinez Contractor] was given the opportunity to file an amended complaint, and it further appearing that no complaint is of record, and it further appearing that no action has been taken in two years, and it further appearing that notice has been provided by the Prothonotary of the termination of this case and that this Court, on April 7th, scheduled this matter for a status this date and that no one has appeared on behalf of [Martinez Contractor], it is hereby ordered that the motion to dismiss is sustained. The matter is discontinued, ended and completed with prejudice.

Trial Ct. Order, 5/12/16.

8/26/16, at 7.[9]

The trial court's Termination Notice required only that Martinez Contractor file a statement of intent to proceed by April 2, 2016 to prevent termination of the case. Within 15 days, Martinez Contractor filed its statement of intent to proceed, thus satisfying the only requirement in the notice. The status conference scheduled for May 11, 2016 was not a hearing to determine whether Martinez Contractor should be allowed to proceed.

_____

[9] In its May 12, 2016 order, the trial court also stated that: it had sustained Moon Site's preliminary objections; had given Martinez Contractor an opportunity to file an amended complaint, which it did not file; and no complaint appeared in the record. We find it necessary to address the inaccuracies in these statements.

The amended order sustaining in part and overruling in part Moon Site and Moon Nurseries' preliminary objections stated:

1. Defendants' preliminary objection as to Moon Nurseries is sustained. Plaintiff may file an amended complaint within twenty (20) days of receipt of this Order.

2. The preliminary objections as to Moon Site Management, Inc. are overruled.

Amended Order, 8/30/13. The order stated that Martinez Contractor "may" file an amended complaint, which it would need to do if it wished to proceed against Moon Nurseries. As to Moon Site, the order stated that the preliminary objections were overruled, meaning that Martinez Contractor had no obligation to file an amended complaint. Indeed, in the paragraph addressing Moon Site, the order makes no mention of an amended complaint.

Further, while the May 12, 2016 order stated there was no complaint of record, our review of the certified record shows that Martinez Contractor filed a complaint on June 28, 2013.

Accordingly, we conclude that the trial court abused its discretion in terminating the case due to inactivity.[10]

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2017

---

[10] We note that Pennsylvania Rule of Civil Procedure 230.2 was reinstated effective December 31, 2016, and so would govern any subsequent termination of this case for inactivity.